139 So. 762

**TILLY v. BAUMAN.**

No. 30872.

Feb. 1, 1932.

Edward Barnett, of Shreveport, for appellant.

J. Fair Hardin and Ben E. Coleman, both of Shreveport, for appellees L. E. McNatt and General Electric Supply Corporation.

Dickson & Denny, of Shreveport, for appellees Shreveport Tile Co., W. C. Rider Lumber Co., Sunset Plumbing Co., and Washburn Land Co.

ST. PAUL, J.

Plaintiff foreclosed on a mortgage note signed by one Bauman, owner of certain real estate in the city of Shreveport. Bauman had contracted with one White to build upon said property. Plaintiff advanced the money to the builder, and held the note as security for his advancements. The property was afterwards transferred to the Washburn Land Company. The contractor defaulted in the

building, leaving numerous unpaid liens upon it. Washburn Land Company attempted to bring concursus proceedings. Plaintiff was not satisfied to await the outcome of those proceedings, and proceeded to do that which he had a right to do, to wit, to foreclose on his mortgage.

■ The mortgage was executed and recorded before the building was started, and therefore primes all claims upon said building, except claims for labor done. Act 298 of 1926, § 12.

■ This being a foreclosure proceeding with opposition to the distribution of the proceeds of the property sold, and not a concursus proceeding, the Washburn Land Company which attempted to bring concursus proceedings, but which did not succeed on account of the filing of this suit, is not entitled to attorney's fees.

■ The fact that plaintiff, who was advancing money to the builder, and might have advanced it all at once (Cf. Hortman-Salmen Co. v. White, 168 La. 1057, 123 So. 711), entered into some stipulation with the builder by which he was able to exercise some supervision and control over the way in which the money was to be expended, cannot in any way prejudice his rights. By doing so, he was acting in the interest of all parties, his own as well as that of any other persons who might subsequently acquire rights upon the property.

## I.

■ The trial judge properly rejected the claim of the Rider Lumber Company, which was exclusively a lien for materials furnished and not for labor, and therefore did not prime plaintiff's mortgage.

■ He inadvertently allowed the Shreveport Tile Company the sum of $52, for their claim was for "labor and material," without separation of items. So it was impossible to distinguish between its claim for labor which primes plaintiff's mortgage, and its claim for materials which does not. This claim should have been rejected, and the judgment of the lower court will be amended accordingly.

## II.

The trial judge allowed the claim of the Green Electric Company (General Electric Supply Corporation subrogee), for the sum of $667. The evidence shows that the Green Electric Company was a subcontractor, and that the $667 herein claimed by it and allowed by the trial judge was for labor done upon the building for which the subcontractor paid.

The trial judge allowed the claim of L. E. McNatt, who had the subcontract for plastering the building, which claim amounted to $834.95. The evidence shows that McNatt did with his own hands $442 worth of labor on the building. The other $392.95 represents the labor done by his workmen, whom he paid.

## III.

These two claims involve exactly the same point of law, which is this, Is a subcontractor who pays off his laborers employed by him subrogated to the lien rights of such laborers?

■ We think he is. Under the statute, the building (and therefore, in effect the owner of the building) is liable for the workmen's wages, because they have a lien on it; the subcontractor is of course liable for these

wages, because he employed the men. Again, since the laborer's lien primes the mortgage and the subcontractor's does not, the laborer's lien is necessarily preferable to that of the subcontractor.

We have therefore before us both cases provided for by the Civil Code, art. 2161, R. C. C. which provides as follows:

"Subrogation takes place of right:

"1. For the benefit of him who, being himself a creditor, pays another creditor, whose claim is preferable to his by reason of his privileges or mortgages. * * *

"3. For the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it."

## IV.

By agreement between counsel at the bar of the court, we are authorized to allow interest at the legal rate, on all claims allowed, from the date of the filing of the lien in the mortgage office. And the judgment of the lower court will be amended accordingly.

### Decree.

For the reasons assigned, the judgment appealed from is amended by allowing the legal interest on all claims allowed by said judgment from the date of the filing of the liens in the mortgage office. It is further amended by striking therefrom the item in favor of the Shreveport Tile Company, whose claim is now rejected; and in all other respects said judgment is affirmed. All costs of both courts to be paid by the plaintiff.