LOTTINGER, Judge.
Petitioner, The Franklin Life Insurance Company, instituted foreclosure proceedings on November 5, 1951, against Mrs. Josephine H. Hill, administratrix of the succession of Harley A. Hill, deceased and Mrs. Josephine H. Hill, individually. On November 7,1951, Mrs. Ola S. Robillard filed a petition of intervention in these proceedings, recognizing the rights of the petitioner arising out of the note and mortgage foreclosed on, but asserting that a lien and privilege filed by her on May 18, 1951, should take precedence over the mortgage of petitioner. The lower court gave judgment for petitioner dismissing the intervention, and inter-venor has taken this appeal.
The parties have agreed to the facts of this cause, which are as follows: Sometime prior to May 26, 1949, Harley A. Hill and Mrs. Josephine H. Hill, husband and wife, erected certain buildings and improvements on three lots of ground 'belonging to them in the Parish of East Baton Rouge, Louisiana. No materials were furnished in connection with the construction of the said buildings and improvements, nor was any labor performed on the said buildings and improvements after May 26, 1949.
On May 26, 1949, Mr. and Mrs. Hill made and executed a note, secured by a special mortgage on the said above described property, together with certain fixtures, furniture and equipment located in the buildings on the said property, to The Franklin Life Insurance Company in the sum of $55,000. The said special mortgage was filed for record in the office of the Clerk of Court and Recorder of East Baton Rouge Parish, Louisiana, on May 27, 1949, and was duly recorded on that date in the Mortgage Records of said parish.
On April 4, 1951, almost two years after the aforesaid mortgage was filed for record, Mrs. Ola S. Robillard, appellant-intervenor herein, filed suit against the estate of Harley A. Hill, claiming workmen’s compensation for injuries allegedly received while she was working for Mr. and Mrs Hill in the business known as Hill’s Cafe. On May 18, 1951, while her workman’s compensation suit was awaiting trial, Mrs. Robillard filed of record an affidavit where *603 in she claimed a lien and privilege against the property of the estate of Harley A. Hill, deceased, allegedly arising out of her workman’s compensation claim under Section 21 of the Workmen’s Compensation Act, LSA-R.S. 23:1205. The affidavit was duly recorded in the Mortgage Records of East Baton Rouge Parish.
On November 5, 1951, the Franklin Life Insurance Company instituted these foreclosure proceedings under the mortgage. Two days later, on November 7, 1951, the said Mrs. Ola S. Robillard filed a petition of intervention in this case, recognizing the rights of the Franklin Life Insurance Company arising out of the note and mortgage of May 26, 1949, but asserting that the lien and privileges filed by her on May 18, 1951, should take precedence over the prior recorded mortgage of the insurance company. The only question before the court is whether the alleged lien and privilege asserted by the intervenor is entitled to preference over the prior recorded mortgage of petitioner. The lower court held that intervenor’s privilege held no such preference and dismissed the intervention.
The intervenor did no work on the buildings or improvements belonging to defendants. Her job with them was for labor in Hill’s Restaurant, which was operated by the defendants in one of the buildings. Judgment under the compensation suit was in the sum of $3,900, at the rate of $13 per week for a period not exceeding 300 weeks, less $140 paid prior to the filing of the suit, and $203.05 medical and hospital bills.
The intervention is based on the provision of the Workmen’s Compensation Act 247 of 1920, now LSA-R.S. 23:1205, as follows:
“Claims or payments due under this Chapter shall have the same preference and priority for the whole thereof against the assets of the employer as is allowed iby law for any unpaid wages of the laborer; and shall not be assignable, and shall be exempt from all claims of creditors and from levy or execution or attachment or garnishment, except under a judgment for alimony in favor of a wife, or an ascendant, or descendant.”
Relying upon the provisions of said act, intervenor refers us to LSA-R.S. 9:4801, which provides as follows:
“The claim for wages of a laborer, for the work actually performed by him on any building, when properly presented and recorded by him, creates a privilege on the land and improvements, which primes the rights of mortgagees or vendors.”
Intervenor claims that she has the same lien and privilege on the property of defendants as would a laborer who had performed work on the buildings situated on the property and who had timely recorded his lien and privilege. She admits, however, that her claim and alleged privilege is entirely unrelated to any construction, repair or improvement of any building located on the property. Her entire suit is based on the contention that LSA-R.S. 23 :- 1205 gives her the right to claim the privilege and lien given to workmen by LSA-R.S. 9:4801.
The petitioner, on the other hand, claims that intervenor is entirely wrong in attempting to assert a privilege by implication and analogy. He claims that liens, being stricti juris and in derogation of common rights, must be strictly construed, and the laws creating them, and their effect, cannot foe extended by analogy or implication. The courts of this state have often held .that laws granting liens and privileges must be strictly construed.
The lower court, in a well reasoned opinion, stated as follows:
“It will be noted that the Compensation Statute makes no provision whatsoever concerning the recordation of the claim, lien or privilege granted, it being provided only that the claim shall ‘have the same preference and priority for the whole thereof against the assets of the employer as is allowed by law for the unpaid wages of the laborer.’
“The plaintiff Franklin Life Insurance Company, is a third party insofar *604 as the asserted Hen and preference claimed by interventor is concerned.
“Section 19 of Article 19 of the Constitution of 1921 reads as follows:
“ ‘Mortgages and privileges — Rec-ordation- — Exceptions—Prescription of taxes and licenses.- — No mortgage or privilege on immovable property, or debt for which preference may be granted by law, shall affect third persons unless recorded or registered in the parish where the property is situated, in the manner and within the time prescribed by law, except privileges for expenses of last illness, privileges arising upon the death of the owner of the property affected, and privileges for taxes, State, parish and municipal; provided such tax liens, mortgages and privileges shall lapse in three years from the 31st day of December in the year in which the taxes are due, and whether such liens are now or hereafter recorded; and provided, further, that all taxes and licenses, other than real property taxes, shall prescribe in three years from the 31st day of December in the year in which such taxes or licenses are due.
“ ‘Privileges on movable property shall exist without registration of same, except in such cases as may be prescribed b-y law. [As amended, Acts 1938, No. 35, adopted November 8,' 1938.]’ (Italics supplied.)
“It has been held that a mortgage executed and recorded before a building is started primes all claims on said -building, except claims for labor, which have been recorded in the manner and within the time prescribed by law.. See Tilley v. Bauman, 174 La. 71, 139 So. 762. In fact [LSA-] R.S. 9:4801 expressly provides that:
“ ‘The claim for wages of a laborer, for the work actually performed by him on any building, when properly presented and recorded by him, creates a privilege on the land and improvements, which primes the rights of mortgagees or vendors.’
“It is true that in this case interveno-r did on May 18, 1951, file and record an affidavit asserting a privilege against the property of the defendant in the compensation suit. This, however, was not done in obedience to or in compliance with any statute on the subject, particularly any statute prescribing the manner and time when the claim should be recorded for the simple reason that there is no such statute.
“Therefore, it seems to me that to hold that such claim for compensation primes a pre-existing mortgage would be a violation of Section 19, Article 19 Constitution which provides that no mortgage or privilege on immovable property shall affect third persons unless recorded in the manner and within the time prescribed by law. Here there is no law prescribing the manner or fixing the time for the filing and recording of such a lien.
“Aside from what I have said, for similar reasons that the court of Appeal gave in Willis v. Mills Tooke Properties, [La.App.] 42 So.2d 548, that Act 68 of 1942 [LSA-R.S. 9:4862] did not apply to1 the claim there asserted, I do< not believe that Act 298 of 1926 as amended [LSA-R.S. 9:4801] applies here. The provisions of this later act pertaining to ‘Private Works’ or any amendment thereof can not in my opinion, be read into the Compensation Law.”
 We find no error in the reasoning, or in the decision, of the lower court. As-was stated in Willis v. Mills Tooke Properties, La.App., 42 So.2d 548, at page 552, “* * * Hens and privileges are stricti juris. They are in derogation of common rights and may not be extended by way of construction to- cover situations not clearly intended to be comprehended by them.”* This quotation has been a fundamental law of our state for many years, and has been upheld numerous times in our courts. Furthermore, our Constitution provides that no privilege shall affect third persons unless recorded and registered in the manner and *605 within the time prescribed by law. The Workmen’s Compensation Law of this state, and particularly LSA-R.S. 23:1205, gives no manner in which the privilege is to be recorded, nor does it state the time within which it must be recorded. The privilege granted by LSA-R.S. 9:4801, which is used by intervenor in attempting to secure a lien, must be recorded within thirty days. Under the said time limit, the intervenor here would have been almost two years late in recording her privilege.
For the reasons assigned, the judgment of the lower court will be affirmed, inter-venor is to pay the costs of this appeal.
Judgment affirmed.