## BUSH *vs.* ROBINSON.

[APPLICATION TO JUDGE OF PROBATE, UNDER PROVISIONS OF THE REVISED CODE, FOR LEAVE TO RAISE DAM TO SUPPLY GRIST MILL TO GRIND FOR TOLL.]

1. *Objection ; what can not be made for first time in this court, by party appearing in court below.*—In a proceeding under the Revised Code, to erect or raise a dam, ·the objection that less than fifteen days intervened between the filing of the application and the inquest of the jury, can not be raised, for the first time, in this court by a party who appeared in the primary court to contest the application, and there omitted to make the objection.

2. *Facts, existence of ; what sufficient proof of, on appeal.*—When an appeal is taken upon the record merely, without a bill of exceptions, it is sufficient if the existence of a fact, necessary to uphold the judgment of the court below, appear either actually upon the record, or by the determination of the court.

APPEAL from the Probate Court of Crenshaw.

Tried before Hon. G. W. THAGARD.

Facts are sufficiently stated in the opinion.

GEORGE W. STONE, for appellant.
WATTS & TROY, contra.

B. F. SAFFOLD, J.—The appellee, Robinson, on the 15th of March, 1869, filed an application to the judge of the probate court for permission to increase the height of his mill-dam, which supplied water to a grist-mill that ground for toll. On the same day, an order was issued by the judge to the sheriff to summon seven disinterested freeholders of the county, to meet at the place where the dam was to be erected, on the 29th of March, 1869, to inquire touching the matters contained in the application. The jury and the sheriff met together at the time and place appointed, and both made returns to the judge of how they had performed their duties. Ten days notice was next given to the appellant, Bush, to appear before the judge on the 23d of April, 1869, and show why the applicant should not have the permission sought. Bush appeared and made oath of his interest, and gave security for the costs of a contest, as required by section 2502, Revised Code, but, as now claimed by his counsel, prosecuted his opposition no further. The judge proceeded to investigate the case, and upon the inquest of the jury, and the evidence of many witnesses, he granted the permission asked for by the applicant. No bill of exceptions was taken, but the appellant assigns as error, apparent upon the record : 1st. That less than fifteen days intervened between the filing of the application and the inquest. 2d. That the return of the jury was not quashed. 3d. That the court erred in the judgment rendered.

The application contained all of the facts and statements required by section 2484, Revised Code. This gave the probate judge jurisdiction of the matter. The return of the sheriff shows that he attended, with a copy of the application, and swore and charged the jury, as directed

by section 2490. The return of the jury was defective in not stating that no residence, or out-house, or garden, thereto immediately belonging, would be overflowed. But this omission was supplied in the judgment entry, which recites that these facts were ascertained on the trial. It is sufficient if the record shows the existence of necessary facts, either actually or by the determination of the court. *Gunn v. Howell*, 27 Ala. 663. The judgment simply states that the pre-requisites for the permission were shown, and therefore it was granted.

The only defect in the proceedings, apparent on the record, is the time between the filing of the application and the inquest. It should have been not less than fifteen days.—§ 2486, Rev. Code. What must be the effect of this? The jurisdiction was conferred by a properly prepared petition. No notice of the time and place of the inquest is required to be given to any one interested in the verdict. The day of trial is a subsequent one, when all interested may appear and contest, and when the finding of the jury may be entirely set aside.—*Martin v. Rushton*, June term, 1869. The appellant was present, personally, at the trial. The judge having rightfully taken jurisdiction, it was incumbent on the appellant to show how he was prejudiced by the want of proper time. He should not be heard to make objections in this court, which he declined to make in the primary court, and which, if then made, might have been remedied at much less cost and trouble to all parties.—*Long v. Commissioners Court*, 18 Ala. 482.

The judgment is affirmed.