23 So.2d 550

### THROCKMORTON v. CITY OF TUSCUMBIA.

#### 8 Div. 318.

Supreme Court of Alabama.

Oct. 18, 1945.

204

Andrews & Almon, of Sheffield, and A. H. Carmichael and Arthur L. Shaw, both of Tuscumbia, for appellee.

F. E. Throckmorton, of Tuscumbia, for appellants.

LIVINGSTON, Justice.

F. E. Throckmorton, Jr., filed against the city of Tuscumbia, Alabama, a statutory bill to quiet title to lots numbered 126 and 218, and all that part of lot 259, lying west of the old Florence branch railroad in the city of Tuscumbia. Thereafter, by amendment, Mrs. M. V. Russell and F. E. Throckmorton were made parties complainant to the bill. Mrs. M. V. Russell filed against the city of Tuscumbia a statutory bill to quiet title to lots numbers 219 and 220 in the city of Tuscumbia, and thereafter, by amendment, F. E. Throckmorton and F. E. Throckmorton, Jr., were made parties complainant to her bill of complaint. The parties to the two suits being identical, and the subject matter being the same, the two causes were consolidated and tried together.

The city of Tuscumbia answered and made its answer a cross-bill. It alleges in substance that it is the owner of the lots involved in fee simple, and entitled to the possession thereof, having purchased the same at a duly and legally authorized sale made by the city clerk of

Tuscumbia on October 5, 1937, to satisfy certain named and described public improvement assessments; that the city clerk after making the sale executed and delivered to the city of Tuscumbia deeds conveying said lots to the city. The cross-bill prays that the court will decree that respondent, the city of Tuscumbia, is the owner of the property described in the bill of complaint, and that complainants, F. E. Throckmorton, F. E. Throckmorton, Jr., and Mrs. Russell, have no right, title, interest or claim in and to said property, and that the court will issue a writ to the sheriff of Colbert County, Alabama, directing him to put respondent in possession of said property. And, in the alternative, that if the court should find that the assessment proceedings on either of said lots are, or said sale of same is, in any respect invalid, and by reason of such invalidity respondent did not acquire a good title to said property, the court will decree that respondent has a lien on said property to the extent of the amount due on said respective assessments, including interest, and that the court will enforce said lien by a sale of said property.

The cause was submitted on an agreed statement of facts. No argument is here made touching the validity of the several assessments for public improvement, and we take it that the same is admitted.

Other agreed facts are that Mrs. Ida M. Throckmorton, who was one and the same person as Mrs. F. E. Throckmorton, died intestate in 1928, leaving as her only heir the complainants and a son named Kelly Throckmorton. Said Kelly Throckmorton died and left complainants as his only heirs. At the time of her death Mrs. Throckmorton owned all of the property described in the bill of complaint, subject to the liens of the city of Tuscumbia, hereinabove mentioned. Prior to Mrs. Throckmorton's death the city of Tuscumbia levied a number of assessments for municipal improvements against this property. Default was made in the payment of each of the assessments and the city council of the city of Tuscumbia by resolution designated the city clerk as the person to foreclose the assessment liens by selling the property on which the delinquent assessments existed. Notice of sale was given as required by law and, on October 5, 1937, the city clerk sold all the property involved for the purpose of satisfying the assessment liens. At said sale the city of Tuscumbia became the purchaser of all the property involved in this litigation and obtained deeds to the property. All of the property involved in this case was sold in 1929 in the name of Mrs. F. E. Throckmorton for the satisfaction of the lien of the State and county for ad valorem taxes for the tax year 1928, and was purchased by the state of Alabama. One of the lots (126) had not been redeemed when this case was tried. Another lot (218) was redeemed by one of the complainants in 1942, that part of lot 259 involved in this suit was conveyed by the State Land Commissioner to one of the complainants in 1938, and lots 219 and 220 were conveyed in 1938 by the State Land Commissioner to Mrs. Russell, one of the complainants.

In advertising the sale of the property to satisfy these delinquent assessments the city clerk attempted to set out the names of the owners of the various tracts or lots of land that were to be sold. The owners of the tracts involved in this litigation were listed as "Throckmorton, Mrs. F. E. Est." and "Throckmorton, Mrs. F. E. Heirs." That portion of lot 259 involved in this suit was described in the notice as follows: "Lot 259, all East of R.R."

The circuit court decreed that complainants have no right, title, interest or claim in or to lots 126, 218, 219 and 220, and that respondent is the owner in fee simple of said lots, and entitled to possession thereof, subject to any claim that the state of Alabama may have against lot numbered 126 for delinquent ad valorem taxes: that the sale of that part of lot 259 lying west of the railroad was invalid because of an erroneous description in the notice of sale, but that the city had liens on that part of said lot lying west of the railroad, and ordered a reference before the register to ascertain and report the amount due on the unpaid assessments on this particular piece of property. Complainants were given a limited time within which to pay off these assessments and failing therein the register was directed to sell the property for the satisfaction of the liens. The case is here on appeal from this decree.

Appellants' first contention is that the sale of their property made by the city of Tuscumbia in 1937 for the satisfaction of delinquent assessment liens was invalid because the published notice of sale showed the owner of some of the property

to be "Throckmorton, Mrs. F. E. Est." and the owner of the remaining property to be "Throckmorton, Mrs. F. E. Heirs." Appellants' contention being that they, Mrs. Throckmorton's heirs at law, should have been named in the notice, and that the failure to name them as the owners of the property invalidated the sale.

Appellants cite in support of this contention certain cases involving the sale of land for the satisfaction of delinquent ad valorem taxes. The statutes providing for ad valorem tax sales contain provisions that the notice of sale shall state the name of the person against whom the taxes were assessed. There is no such requirement in the statute providing for the sale of property for the satisfaction of public improvement assessments.

The assessments in this case were made under the provisions of the Codes of Alabama of 1907 and 1923. Section 1402, Code of 1907, provided that the officer designated by the city council to collect assessments should, in cases of default, proceed to sell the property, and then provided: "But he shall first give notice by publication once a week for three consecutive weeks in some newspaper published in the city or town of general circulation therein, of the *date* and *time* of such sale, and the *purpose* for which the sale is made, together with a *description of the* property to be sold." (Italics supplied.) This statutory provision was carried forward in the Code of 1923 as section 2217 without change. In 1927 this section of the Code of 1923 was amended, Acts 1927, page 753, Code 1940, Tit. 37, § 558 but no change was made in the requirements relative to the notice of sale.

In giving notice of the sale the city attempted to set out the names of the owners of the various parcels of property that were to be sold but these names were mere surplusage and entirely unnecessary to the validity of the notice and the sale. The requirements of the statute were met when the city clerk gave notice of the time and place of the sale, the purpose for which it was made, and a description of the property to be sold. Since the published notice did contain all of the essential information, the addition of the words "Throckmorton, Mrs. F. E. Heirs" was mere surplusage, which did not mislead or prejudice appellants and therefore did not vitiate the notice. The rule is expressed in 46 Corpus Juris 554 in these words: "Surplusage which does not mislead or prejudice does not vitiate a notice." See, Bland v. City of Mobile, 142 Ala. 142, 37 So. 843.

Appellants' next contention is that appellants by redeeming some of this property from ad valorem tax sale and by purchasing some of it from the State Land Commissioner acquired titles superior to the title acquired by the city at its sale made to foreclose the assessment lien.

The case of Downing v. City of Russellville, 241 Ala. 494, 3 So.2d 34, 40, is directly in point. That case construes section 2202 of the Code of 1923, Code 1940, Tit. 37, § 543, which appeared in the Code of 1907, as section 1387. The Court calls attention to the fact that this Code section provides that a purchaser at a tax sale by the State, county or city, upon which an assessment has been levied shall take the property subject to such assessment; and then says, "The purchaser steps into the shoes of the owner, acquires his right of possession, with the same right to pay off the assessment lien at his election."

In this case the purchasers from the State were the former owners of the property. When they bought from the State Land Commissioner in 1938 they could have redeemed but made no effort to do so. They did nothing until these suits were filed on January 3, 1941. The owner of property subject to a municipal assessment lien cannot allow his property to be sold for State and county taxes and then rid the property of the assessment lien by merely buying his property back from the State.

Appellants' concluding contention is that the circuit court should have granted them the right to redeem from the assessment sales made by the city. The answer to this contention is simply that their right to redemption expired on October 5, 1939. Code of 1923, section 2221 (amended Acts 1927, p. 771; Acts 1932, Ex. Session p. 272, Code 1940, Tit. 37, § 562).

Affirmed.

GARDNER, C. J., and BROWN, FOSTER, STAKELY, and SIMPSON, JJ., concur.