43 So.2d 819
## HILL et al. v. DI BENEDITTO.
### 6 Div. 918.

Supreme Court of Alabama.
Jan. 19, 1950.

Arthur D. Shores and Peter A. Hall, of Birmingham, and David H. Hood, Jr., of Birmingham, for appellants.

Lewis K. Cato, of Birmingham, for appellee.

230

J. M. Breckenridge, Asst. City Atty., of Birmingham, amicus curiae.

BROWN, Justice.

The bill filed by appellee Anthony Di Beneditto, on October 23, 1948, seeks to redeem lots 9, 10 and 11, Block 1, in the Ensley Realty Company's Survey, as shown by map recorded in the office of the Judge of Probate of Jefferson County, Alabama, in volume 6 of maps, page 82. The complainant claiming as the heir at law of Sam Di Beneditto, who died intestate December 9, 1930, owning a one-half undivided interest in said lots subject to a lien created by ordinance passed and made final by the City of Birmingham under the provisions of Article 33, Chapter 43 of the Code of 1923, Code 1940, Tit. 37, § 513 et seq.; the other interest being in John Caiola.

At the time of his ancestor's death complainant was an infant thirteen months of age, who has since reached and passed the age of eighteen years, and in appropriate proceedings in a court of equity of the county of his residence has had his disabilities arising from non-age removed.

The bill is filed against the defendants named in the bill who claim the property as grantees of both the State of Alabama and the City of Birmingham. Said lots were sold November 13, 1931, for delinquent ad valorem taxes assessed against said lots for the year 1930 in Jefferson County, and bought in by the State, and were subsequently conveyed by the State Land Commissioner to the defendants.

On January 30, 1931, the three lots were sold in the foreclosure of the lien created by said local improvement ordinance which encumbered the property at the time complainant's ancestor acquired his interest. At said sale the city became the purchaser of said property and received a deed conveying the three lots to it. There was a subsequent sale of lot 10 on July 30, 1941, and at this sale the city became the purchaser under another and different ordinance levying assessments for public improvements. This property, subsequent to said purchases, was sold and conveyed to defendants who were at the filing of the bill in possession of the property.

Neither the legality or regularity of the tax proceedings by the State and County, nor the proceeding by the city in levying and selling the property under said local improvement ordinance are questioned.

The first step taken to redeem from the sale under said ordinance was the tender of the required amount necessary to redeem October 23, 1948, seventeen years, eight months, after the first of said sales and seven years and eight months after the last mentioned sale. The city officials refused to accept the tender on the ground that the right to redeem was barred.

The simple question presented, a question of law, is, was the complainant's right of redemption from the foreclosure sale under the local improvement ordinance barred by § 563 of the Code of 1940, Title 37, or did he have one year from the date of the removal of his disabilities under the provisions of § 303, Title 51, Code of 1940, within which to redeem?

Statutes providing for the redemption of lands sold for taxes are remedial in their nature and are favorably and liberally construed. Nevertheless the right is derived from the statute and the right must be asserted in the mode, under the circumstances and within the time provided by the statute. Boyd v. Holt, 62 Ala. 296; Bracely v. Noble, 201 Ala. 74, 77 So. 368; 51 Am.Jur. p. 953, § 1097; State ex rel. Dowling v. Butts, 111 Fla. 630, 149 So. 746, 89 A.L.R. 946; State ex rel. Bell v. McCollough, 85 Mont. 435, 279 P. 246, 66 A.L.R. 1033.

Appellee's contention seems to be that he falls within the provisions of §§ 562, 563 and 564, Title 37, Code of 1940, the first of which provides: "Any real property heretofore or hereafter sold for the satisfaction of a local improvement assessment lien imposed thereon by the governing body of a municipality may be re-

deemed by the former owner or his assigns, *or other person authorized to redeem property sold for taxes by the State of Alabama, * * *."* [Italics supplied.] Appellee also contends that said sections afford him the right to redeem within one year after the removal of his disabilities of non-age.

The argument advanced is that by reference § 562 adopts the provisions of § 303, Title 51, Code of 1940, not only in so far as it designates the class of persons who are authorized to redeem, but also changes the statutory time limit in which the right of redemption may be exercised. It may be conceded that in so far as said § 303 designates the class who may redeem, including *"any person having an interest therein, or in any part thereof, legal or equitable, in severalty or as tenant in common,* including a judgment creditor, or other creditor having a lien thereon, or on any part thereof; and an infant or insane person * * *."* [Italics supplied.] Section 562, Title 37, Code of 1940, adopts by reference the quoted provisions. Farmer v. Hill, 240 Ala. 416, 418, 199 So. 820. However, there is nothing in either of said sections to evidence or to indicate a legislative intent to change the time limit within which the right of redemption must be exercised. On the contrary, the legislative intent is clearly expressed that each such right of redemption shall be governed by its own express limitations.

In the case of local improvement assessments and liens § 563, Title 37, Code of 1940 provides: "The fixed two-year period of redemption allowed by the preceding section for the redemption of any property heretofore or hereafter sold for the satisfaction of any such lien is hereby extended to a date sixty days after the date of the certificate of warning to redeem hereinafter provided for, *but in no event for a longer period than six years from the date of such sale."* [Italics supplied.]

■ Section 303, Title 51, Code of 1940, extends the time as to "an infant or insane person entitled to redeem at any time before the expiration of three years from the sale" to "any time within one year after the removal of his disability." This limi-

tation applies to proceedings for the sale of lands for ad valorem taxes by the state and county, but this limitation and extension of time does not apply to proceedings in sales for local improvements made by municipal corporations, proceedings *in rem,* wherein the liability is against the property affected and there is no personal liability against the owner or former owner or any one else.

In the Downing case, notwithstanding the provisions of § 285 of the general revenue act of 1935 (Acts of 1935, p. 376), which reenacted the statute which had been carried through the Codes since the Code of 1886 to the effect that the state took the title in fee simple when it became the purchaser at tax sale subject only to the statutory right of redemption, this court held that the state took title encumbered by local improvement liens levied by the City of Russellville for local benefit and the state's grantee took the same character of title. Downing v. City of Russellville, 241 Ala. 494, 3 So.2d 34. In Messer's case this court ruled that the foreclosure of the lien under the local improvement statute for local benefit vested in the purchaser at such sale an indefeasible title in fee. Messer v. City of Birmingham, 243 Ala. 520, 10 So.2d 760. And in Throckmorton's case the court held that as to lots not redeemed from a sale made by the city within the time allowed for redemption the city took an indefeasible title in fee. Throckmorton v. City of Tuscumbia, 247 Ala. 203, 23 So.2d 550.

■ Applying these authorities the conclusion is inescapable that the complainant at the time he took steps to redeem, in the face of the admitted facts, was without interest, legal or equitable, in said lots or any part thereof. His right to redeem was barred by the provisions of § 563, Title 37, Code of 1940, which fixed six years as the final limit for redemption.

The complainant's bill is without equity. The decree of the circuit court is, therefore, reversed and one here rendered dismissing the bill. The register of the circuit court, after deducting the costs of this appeal and the costs incurred in the cir-

cuit court, will pay the balance of the funds on deposit to the complainant.

Reversed and rendered.

FOSTER, LAWSON and STAKELY, JJ., concur.