297 So.2d 362

**Orzell BILLINGSLEY, Jr., et al.**

v.

**C. Hunter WALLACE.**

**S.C. 581.**

Supreme Court of Alabama.

June 20, 1974.

Rehearing Denied July 18, 1974.

Orzell Billingsley, Jr., Birmingham, pro se, and for certain of the other appellants.

Phil Joiner, Birmingham, for appellee.

HARWOOD, Justice.

On 24 October 1972, C. Hunter Wallace filed a bill asserting that he was in actual possession of Lot 70 in Block 3, according to the map and survey of the Tevellick survey, as recorded in Map Book 3, page 45, in the Probate Office of Jefferson County, Alabama. As evidence of his title Wallace set forth, (a) a deed "as per a foreclosure at a public improvement sale which took place more than six years next before the filing of this suit, * * *" said deed being dated 24 June 1964, and conveying the said lot to the City of Birmingham, and (b) a deed from the City of Birmingham conveying the said lot to Wallace, this deed being dated 19 September 1972. It was recited in this latter deed that said lot " * * * accrued to said City by virtue of assessments for public improvements under Ordinance 2736–D, Pro. No. A–38628, and the subsequent sale thereof to the City of Birmingham on, to-wit, the 24th day of June 1964, to satisfy assessment lien."

Each of the above deeds were duly recorded.

The respondents named in the bill were Orzell Billingsley, Jr., Minnie Mae Billingsley, and Orzell Billingsley, Sr., all over the age of 21 years, and as to Minnie Mae Billingsley and Orzell Billingsley, Sr., it was asserted that if living they were bona fide residents of Jefferson County, Alabama, and if not living the names of their heirs were unknown, and could not be ascertained after reasonable and diligent effort on the part of complainant, which effort consisted of searching estate records, city directories, and making inquiries of those familiar with the community where the lot was located.

The bill prayed that the three above parties be made parties, and that process issue to them and that Minnie Mae Bill-

ingsley and Orzell Billingsley, Sr., if not living, that process be issued to their heirs and all unknown parties who claim any interest in said lot, requiring them to plead, answer, or demur to the bill within the time allowed by law, and failing to do so that the matters alleged in the bill be taken as confessed, and that a guardian ad litem be appointed for any respondents that might be entitled to such representation. It was further prayed that upon a final hearing, the court adjudge there is no right, title or interest in the respondents in said lot, and further that the court adjudge that the title to said lot is in the complainant, and that said judgment be in rem against said lot in complainants' favor.

It was ordered by the Register on 10 January 1973, that notice to respondents by publication be made, which publication was duly made.

On 17 February 1973, the respondent Orzell Billingsley, Jr., filed a motion to quash service by publication on him as no service of process on him was legally made, because the summons and complaint were not handed to him as required by law.

Thereafter on 22 March 1973, the Register entered a decree pro confesso on publication upon the motion of the complainant, said decree pro confesso being only against Minnie Mae Billingsley and Orzell Billingsley, Sr., if living, and their heirs and devisees, and all unknown parties claiming any interest in the property.

On 3 April 1973, the complainant filed an amendment to his complaint as amended striking Orzell Billingsley, Jr., as a respondent.

On 4 April 1973, the Register, noting that the cause appeared to be brought in rem pursuant to applicable statutes, appointed a guardian ad litem to represent the interests of all unknown parties.

The guardian ad litem duly filed his answer denying the allegations contained in the bill as amended.

Thereafter the cause was submitted on the testimony of Phil Joiner taken before a commissioner, and certain documentary exhibits.

Upon submission, the Chancellor issued a final decree adjudging and decreeing that there was no right, title, or interest in said lot in Orzell Billingsley, Sr., nor in Minnie Mae Billingsley, if either be living, nor in their heirs if these two respondents be dead, nor in any unknown parties, and title was quieted in the complainant as to such respondents.

As to Orzell Billingsley, Jr., the decree specifically provided:

"This Decree, however, is not a determination of any possible claim of Orzell Billingsley, Jr., in or to said property, he having made only a special appearance in this cause, denying proper service on him by Sheriff and praying that he not be required to plead, answer, or demur herein, and having otherwise been eliminated by amendment."

From this decree Orzell Billingsley, Jr., pro se, and as attorney for Orzell Billingsley, Sr., and the heirs of Minnie Mae Billingsley, perfected this appeal.

The appellants have made some seven assignments of error. In brief, however, the appellants' argument as framed must be deemed applicable to assignment of error No. 7 only, and the other assignments must be deemed as waived.

Assignment of error No. 7 is to the effect that the court erred in rendering its final decree of 9 April 1973.

Counsel for appellants has set forth two propositions of law. The first asserts that the taking of the property involved in this cause violated the laws, statutes, and Constitution of Alabama, and the United States Constitution, especially the Due Process Clause. The second proposition of law asserts that "the service of Notice of Publication of the sale of property for taxes, or the pendency of an action to quiet title prescribed by the laws and statutes of Ala-

bama do not satisfy the requirements of due process under the Fourteenth Amendment to the United States Constitution and of the Constitution of Alabama."

No authorities are cited in support of either proposition of law, nor indeed are any authorities cited in the argument portion of appellants' brief other than a passing reference to Section 558, Title 37, and Sections 1116–1132, Title 7, Code of Alabama, 1940.

The argument portion of appellants' brief covers only two pages, and at least half of the argument consists of setting out verbatim Section 17 of Volume 58, "Notice" of American Jurisprudence. The opening sentence of this section makes it clear that its propositions as to notice by publication are applicable only "in the absence of a statute expressly authorizing such publication." The present proceeding was of course under the authority of our statutes authorizing the procedure followed in the proceedings below.

In passing upon the validity of our statutes in reference to foreclosure sales for payment of public improvement assessments after notice by publication, this court in United States Bond and Mortgage Co. v. City of Birmingham, 229 Ala. 536, 158 So. 751, wrote:

> "The necessity for proceeding on such notice and its secure foundation in the principles of justice are too well established to be now questioned. Id."

In Hill v. De Beneditto, 253 Ala. 229, 43 So.2d 819, this court held that the rights of a property owner to redeem his property from a foreclosure sale for public improvement assessments is fixed by Section 563, Title 37, Code of Alabama 1940, at six years, and after the passage of that period of time the property owner is without any interest in the property, legal or equitable, even if such owner be a minor.

The foreclosure deed for delinquent public improvement assessments executed to the City of Birmingham on 24 June 1964,

recites that the public sale of said lot was under the provisions of a certain named ordinance, and was held after having been advertised once a week for three successive weeks in the Birmingham Post Herald. The deed contains other recitals showing full compliance with the statutory requirements for such sale, and is in all things regular. This deed vested title to said lot in the City of Birmingham.

After having held title to this lot for over eight years, the City of Birmingham executed the deed to Wallace.

The above facts, and the legal principles applicable are dispositive of the issues here involved insofar as the respondents Orzell Billingsley, Sr., and Minnie Mae Billingsley, and their heirs are concerned, and it is only to these parties that the decree applies. It is therefore due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and FAULKNER, JJ., concur.