309 So.2d 468

**Eldred C. DOTHARD, as Director of the Department of Public Safety, State of Alabama**

**v.**

**Andrew Grady RIDGEWAY.**

**Civ. 432.**

Court of Civil Appeals of Alabama.

March 5, 1975.

William J. Baxley, Atty. Gen., and Rosa Hamlett, Asst. Atty. Gen., for appellant.

Robert W. Gwin, Jr., Birmingham, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from the issuance of a writ of mandamus by the Circuit Court of Montgomery County.

On November 11, 1972, the Director of the Alabama Department of Public Safety revoked the driver's license of Andrew Grady Ridgeway. Such revocation was entered after receipt of a record of conviction of Ridgeway for the offense of driving a motor vehicle while intoxicated. Such conviction was shown by the records to have occurred in the Law and Equity Court of Blount County, Alabama, on October 6, 1972. The judgment entry was shown to have been entered upon a plea of guilty, with a fine paid of $100.00, together with costs.

On July 9, 1974, nearly nineteen months after notice of revocation of his license by the Director, Ridgeway filed a petition for mandamus in Montgomery County against the Director of Public Safety. An alternative writ of mandamus was issued immediately. The petition for mandamus averred that petitioner Ridgeway was a citizen of Alabama operating an automobile upon a public highway in Blount County on October 5, 1972, when he was arrested by an Alabama State Trooper, charged with driving while intoxicated and placed in the Blount County jail. It was further averred that he was advised by authorities at the jail that he would not be released until he had paid a fine of $100.00 and costs, or a total of $117.00. Such sum of money was paid by his employer to the Sheriff of Blount County on October 6, 1972. Upon receipt of the money petitioner was released from jail, carried to the clerk's office of the Blount County Law and Equity Court, given a receipt for $117.00 and discharged from custody.

Petitioner further averred that he never appeared before a judge and entered a plea to the charge, although the docket book of the court contained an entry of judgment signed by the judge, reciting a plea of guilty to driving while intoxicated and a fine of $100.00. In response to the revocation of November 11, 1972, petitioner surrendered his license on April 1, 1974.

Petitioner concludes with the allegation that his conviction was invalid because he was never afforded an opportunity to plead to the charge before the court. The conviction being invalid, petitioner contends it could not form the basis for revocation by the Director; wherefore, mandamus should be issued directing the Director to set it aside and return the license.

The Director answered the alternative writ. The answer stated that the revocation was entered by the Director as mandated by statute, Title 36, Section 68 of the Code of Alabama (1940), after receipt of the record of final conviction. A certified copy of the docket sheet and judgment of conviction from the Law and Equity Court of Blount County were attached to the answer.

The petition came on for hearing on petition and answer. Testimony was offered by petitioner as to the matters that occurred from the time he was arrested until he was released from custody. Such testimony was objected to and motion to exclude made on the ground that such testimony was not relevant to attack the action

of the Director; that there was a judgment of record and that the director had acted as required by law.

After testimony was completed, it was again contended by the Director that the only issue was whether he had correctly performed a mandatory duty as required by statute. In answer to the contention of the Director, the court stated:

"The court doesn't question but what he acted correctly and proper. The only thing, and the question addressed to the court, is whether or not this man was apprised of his rights, and not being allowed to go before a court and enter a plea of guilty or not guilty. I don't question the right to revoke based on the information they had. I recognize that as being proper."

The clear meaning and import of the testimony and the statement of the court is that mandamus was used in this case as a collateral attack on the judgment of conviction rendered by the Blount County Law and Equity Court. The evidence shows that the Director properly performed his duty under the statute and the court so stated. The judgment record was proper upon its face, showing a conviction of driving while intoxicated and payment of a fine therefor. With such record before him the Director was directed by statute to revoke the license. He could do nothing else. He acted solely in an administrative capacity. Rogers v. Russell, 284 Ala. 477, 225 So.2d 879; May v. Lingo, 277 Ala. 92, 167 So.2d 267. He had no authority to question nor determine the validity of a record judgment presented to him. The matter presented by the petition for mandamus and the evidence presented in support thereof was clearly a collateral attack on the judgment itself. There is neither allegata nor probata of a violation of nor failure to perform any duty by the Director. Mandamus, which affords a remedy where no appeal is available, is appellate in character, and is to be granted only upon a clear showing of error in the trial court to petitioner's injury. Whitten v. Sheffield Land Co., 233 Ala. 580, 173 So. 48. The purpose of the petition for mandamus was not to review the ministerial act of the Director, but was to determine from evidence outside the record of the proceedings by the Director that the judgment upon which he proceeded was in fact not what the record declared it to be.

To grant mandamus against the Director of the Alabama Department of Public Safety, in cases where he has performed his mandatory duty of revoking a driver's license, upon allegations that the judgment shown by the record is invalid would cast upon him the intolerable burden of defending collateral attacks upon judgments of courts throughout the state. The judgment in this case is regular upon its face, indicating jurisdiction of subject matter and person. Such judgment is conclusive on collateral attack. A. B. C. Truck Lines v. Kenemer, 247 Ala. 543, 25 So.2d 511; State v. Riddle, 213 Ala. 430, 105 So. 259. Direct attack upon judgment in the forum and jurisdiction where rendered is available to petitioner.

In the case of May v. Lingo, *supra*, mandamus was granted by the Circuit Court of Montgomery County to review the exercise of the mandatory duty of the Director of Public Safety in revoking a driver's license. The granting of mandamus was upheld by the Supreme Court. However, the finality of the conviction was not in issue in that case, but rather the invalidity of the conviction was determined to be apparent from the face of the record. Thus May v. Lingo, *supra,* is not determinative of the issue here.

It is our holding that mandamus was improperly granted by the trial court against the Director of the Alabama Department of Public Safety. The judgment of the trial court is reversed and set aside and a judgment denying the issuance of the writ is hereby rendered.

Reversed and rendered.

BRADLEY and HOLMES, JJ., concur.