312 So.2d 23

**Blanche McSWAIN, etc., et al.**

v.

**C. Hunter WALLACE.**

**SC 720.**

Supreme Court of Alabama.

March 27, 1975.

Rehearing Denied May 8, 1975.

Orzell Billingsley, Jr., Birmingham, for appellants.

Phil Joiner, Birmingham, for appellee.

MERRILL, Justice.

This appeal is from a decree of the Circuit Court of Jefferson County quieting title in C. Hunter Wallace (appellee).

On May 11, 1973, Wallace filed a complaint alleging that he was in actual and peaceable possession of Lots 23 and 24, fractional Lot 22 and East 5 feet of Lot 21, lying East of Car line, according to the Map and Survey of Pleasant Valley Land

and Manufacturing Company, Central Tract, as per Map Book 3, Page 10, in the Probate Office of Jefferson County, Alabama. Wallace claimed title to the real property under (1) a public improvement sale to the City of Birmingham on June 24, 1964, and (2) a deed executed to Wallace by the City of Birmingham on March 6, 1973.

The respondents named in the bill were Blanche McSwain, C. Askew, W. S. Dunston, Orzell Billingsley, all if living, or their heirs or devisees if deceased, and Hugh Barber, a living person. Notice was published in the *Alabama Messenger* for four consecutive weeks. A default judgment was entered on July 13, 1973. On July 19, 1973, a guardian ad litem was appointed. Testimony was then given by Phil Joiner, appellee's attorney, and the appellee. Joiner stated that he had made a reasonable and diligent investigation but had been unable to locate Orzell Billingsley, Sr. The appellee's statement was that he had purchased the property "from the City of Birmingham based on public improvement sale of 1964—I put up a wire fence about this property before suit." The trial court quieted title in Wallace. The respondents, Orzell Billingsley, Sr. and Blanche McSwain, appeal from the entering of the default judgment.

■ Appellants argue that Tit. 7, §§ 1118, 1119, Code 1940, which authorize notice by publication in actions in rem to establish title to land, violate both due process and 42 U.S.C. § 1983 by failing to provide adequate notice.

The only two propositions of law in appellants' brief are identical with the only two propositions in Billingsley v. Wallace, 292 Ala. 538, 297 So.2d 362. The appellee is the same and one of the appellants, Orzell Billingsley, Sr., is the same, the attorneys for each side on appeal are identical, and the main question presented is the same.

In their statement of the facts in brief, appellants say:

"Pursuant to Alabama statutory law, publication in this case was made once a week for four consecutive weeks in the Birmingham Messenger, a newspaper which regularly carries such legal notices, requiring the respondents in the cause to plead, answer, or demur to the bill of complaint within 30 days from date of final publication."

On the authority of Billingsley v. Wallace, supra, we cannot agree that the decree of the trial court quieting title to the property in Wallace was erroneous.

■ One other matter requires mention. Appellants state in brief that "ORZELL BILLINGSLEY, SR., has lived in the same community for over fifty years and is well known." This statement was evidently made to show that service by publication was not necessary. We note that Orzell Billingsley, Sr. was served by publication in the former suit, 292 Ala. 538, 297 So.2d 362. In this suit, the undisputed testimony in support of the notice by publication was that an attorney, at the request of attorney Orzell Billingsley, Jr., appellants' attorney on this appeal, called Wallace and made inquiry as to the date of the sale under which Wallace was claiming. Wallace told him it was the improvement sale in 1964. Wallace reported the call to his attorney, Phil Joiner, who wrote a letter to the attorney who called, and in the letter, he referred to the service by publication which was still running, and asked if he (the lawyer who called) could furnish a definite address where he "could have this Orzell Billingsley served personally." He also confirmed the sale date in 1964 and enclosed a clipping from the *Alabama Messenger*, then running, to show that he was giving notice to Orzell Billingsley, Sr. No address was given by the calling attorney or Orzell Billingsley, Jr. and no attorney appeared from him in the circuit court.

Under these facts, we see no "fraud and misrepresentation to the Court."

Affirmed.

HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.