324 So.2d 284

**E. C. DOTHARD, as Director of the Department of Public Safety**

v.

**Richard Charles BELSER.**

**Civ. 652.**

Court of Civil Appeals of Alabama.

Oct. 22, 1975.

Rehearing Denied Nov. 12, 1975.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for appellant.

Richard C. Belser, Montgomery, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from decree of mandamus.

On April 8, 1975, Richard Charles Belser filed in the Circuit Court of Montgomery

County a pleading styled "Bill for Declaratory Judgment and Injunctive Relief," against E. C. Dothard, Director of Public Safety of the State of Alabama. It was alleged therein that on August 14, 1973, a conviction for driving while intoxicated was entered against Belser; that on April 2, 1975, notice was received that his driver's license was revoked for a period of six months from April 17, 1975, under authority of Title 36, Section 68, Code of Alabama (1940). Other matters were alleged not material to this appeal. It was requested that the Director be directed to answer the bill and that after hearing an order be entered directing that the revocation of the driver's license be set aside and the license be restored.

With the petition, a motion was made for a speedy hearing under Rule 57, Alabama Rules of Civil Procedure. In response, the court ordered that hearing on the merits of the bill be set for April 17, 1975.

Without filing responsive pleading, counsel for the Director appeared at the time set for hearing and orally said as follows:

"Judge, we have not filed any response. We will at this time make an oral motion to dismiss the bill on the grounds it shows on its face it ought not to be granted. We would make that motion."

The Court: "Motion overruled."

After this motion and ruling, without further pleading or objection, the hearing proceeded with evidence submitted by Belser and his father. The Director presented testimony from a Lt. Stewart. Judgment directing the Director to promptly return the license to Belser was entered on April 18, 1975.

The Director on April 24, filed motion for rehearing or new trial, stating therein that he was not allowed the proper time to plead to the complaint prior to the hearing. He further stated that had he been given the time allowed by the Rules to plead, he would have filed a motion to dismiss or a motion for a summary judgment. He exhibited in the motion the pleading he would have filed had he been given sufficient time. We find no ruling by the court on the motion. The Director filed notice of appeal on May 21, 1975. .

■ On appeal, Director first attacks the action of the court setting the hearing on the merits only nine days after the filing of the petition.

Every defendant has 30 days after personal service of the summons and complaint within which to file his answer. Rule 12(a) ARCP. There is nothing in Rule 57, ARCP which changes or affects Rule 12(a). However, it has always been acceptable for a defendant to waive his right to 30 days for filing an answer or other pleading. *Bush v. Robinson,* 44 Ala. 328. We have previously stated that the Director appeared by counsel and made no objection to a hearing on the merits at a time only nine days after service. Appearance and participation without objection waived his right to 30 days for answer. *Beshear v. Weinzapfel,* 474 F.2d 127 (7th Cir. 1973).

■ Director contends error in the overruling of his oral motion to dismiss. We have set out hereinabove the motion as it appears of record. Without considering whether such motion is required to be in writing by Rule 12(b), we find the motion lacking in particularity to be sufficient to advise the court of the matter complained of. The wording of the motion amounts to no more than that of a general demurrer under common-law pleading. Under pre-ARCP rules the overruling of a general demurrer was not considered error on appeal. Title 7, Section 236, Code of Alabama (1940). If the motion were intended to be the defense that the complaint failed to state a claim upon which relief could be granted, it was overruled without prejudicial error. A complaint should not be dismissed on such a defense unless it appears

beyond doubt that the plaintiff can prove no state of facts in support of his claim which would entitle him to relief. *Forbush v. Wallace,* D.C.Ala.1971, 341 F.Supp. 217, affirmed 405 U.S. 970, 92 S.Ct. 1197, 31 L.Ed.2d 246.

After making the oral motion to dismiss, the hearing proceeded without further objection from the Director. There was considerable testimony concerning events occurring after the appearance of Belser in the Municipal Court of the City of Montgomery. However, the only pertinent testimony was that Belser did not enter a plea to the charge, a plea of not guilty was not entered for him, and no evidence was taken on the charge. The record of the judgment was not presented in evidence by the Director. There was no rebuttal of the evidence that no plea was entered nor trial held. With such undisputed evidence there could be but one finding by the trial court. There can be no trial on the merits nor judgment entered in a criminal case without a plea to the charge. Title 15, Section 276, Code of Alabama (1940).

A judgment of conviction in a criminal case must affirmatively show that the defendant pleaded to the complaint or indictment or that the court entered a plea of not guilty for him. *McClendon v. State,* 44 Ala.App. 558, 216 So.2d 302.

Even though a judgment is shown valid on its face, if facts are admitted or are shown without objection which show it to be void, the rule against collateral attack does not apply. *Hartigan v. Hartigan,* 272 Ala. 67, 128 So.2d 725. Under the facts and posture of this case our decision in *Dothard v. Ridgeway,* 54 Ala. App. 429, 309 So.2d 468 is not applicable.

Finding no error in the record, judgment of the trial court is affirmed.

Affirmed.

BRADLEY, J., concurs.

HOLMES, J., not sitting.