**Orzell BILLINGSLEY, Sr., et al., Plaintiffs,**

v.

**George G. SEIBELS, Jr., individually, et al., Defendants.**

**No. 75–P–2111–S.**

United States District Court, N. D. Alabama, S. D.

August 16, 1976.

Orzell Billingsley, Jr., Birmingham, for plaintiffs.

Edward O. Conerly, Phil Joiner, Otis MacMahon, Douglas Corretti, James G. Adams, Jr., Birmingham, for defendants.

## MEMORANDUM OF OPINION

POINTER, District Judge.

This cause arises upon defendants' motions for summary judgment. Plaintiffs are attacking the validity of a deed dated March 6, 1973, from defendant City of Birmingham to defendant Wallace. The deed conveyed real property that was foreclosed at a public improvements sale on June 24, 1964, following notice by publication pursuant to the Code of Alabama, 1940, Title 37, § 558.

Wallace obtained a decree quieting title to the foreclosed property in *McSwain v. Wallace*, 312 So.2d 23 (Ala.1975). In the 1975 suit, respondents Billingsley and

McSwain, who are plaintiffs [1] in the present action and claim title to the foreclosed property, did not appear after being served with notice by publication in the *Alabama Messenger* for four consecutive weeks; and a decree pro confesso was entered against them on July 13, 1973. Interests of unknown parties were represented by guardian ad litem Gerard J. Durward, who is another of the defendants in the instant action. A final decree against all parties was affirmed by the Alabama Supreme Court, despite claims that (1) the real estate transfer was void under 42 U.S.C. §§ 1981, 1982 and 1983 and the due process clause and that (2) notice by publication violated the fourteenth amendment's due process clause.[2]

The instant case involves the same real estate, many of the same parties, and substantially identical issues as did *McSwain v. Wallace.* In paragraphs 23, 24 and 25 of the complaint, plaintiffs allege that the (1) foreclosure and subsequent conveyance to defendant Wallace (a) is void under the fourteenth amendment to the United States Constitution and 42 U.S.C. § 1983 and (b) violated plaintiffs' rights to equal protection of the laws in that they infringed their rights under 42 U.S.C. §§ 1981 and 1982 and (2) the judgment in *McSwain v. Wallace,* is null and void because the complaint did not comply with the requirements of the Alabama Code for suits to quiet title and did not confer jurisdiction on the Jefferson County Court. Plaintiffs have sought a declaration that the Alabama statutes providing for notice by publication in suits to quiet title and foreclosure proceedings violate the fourteenth amendment to the United States Constitution, that the real estate foreclosure and conveyance to Wallace are

null and void, and that title is in plaintiffs and an award of damages in the amount of one million dollars for trespass and the wrongful taking of plaintiffs' property.

Upon consideration of the memoranda in support of and in opposition to defendants' motions to dismiss and motions for summary judgment, with attached affidavits and exhibits, the court concludes that as to all claims against all defendants, no genuine issue as to any material fact exists and that as a matter of law the plaintiffs are not entitled to relief.

## I. CLAIM ARISING UNDER 42 U.S.C. § 1983 AND DUE PROCESS CLAUSE OF FOURTEENTH AMENDMENT

■ Paragraph 23 alleges that the real estate foreclosure sale and later transfer to Wallace are void under the fourteenth amendment and the Civil Rights Act of 1871, 42 U.S.C. § 1983, as a taking of property without due process of law by reason of fraud and insufficient notice. The Alabama Supreme Court in *McSwain v. Wallace* rejected this claim and specifically found there to be no violation of 42 U.S.C. § 1983, and no fraud in the service by publication in the action to quiet title. Although the opinion does not specifically refer to the validity of publication notice in the foreclosure proceedings, this question was before the court, argued in the *McSwain-Billingsley* brief [3], and its determination was essential to the judgment upholding the decree to quiet title. Moreover, the validity of the statute providing for publication notice on foreclosure proceedings as well as the validity of its application as against Billingsley was expressly upheld

1. Mrs. Essie Mae Rice is the third plaintiff in this action.

2. An earlier case, *Billingsley v. Wallace*, 292 Ala. 538, 297 So.2d 362 (1974), *cert. den.* 420 U.S. 912, 95 S.Ct. 834, 42 L.Ed.2d 842 (1975), involved much the same parties and substantially similar issues, but different parcels of real estate. Wallace, a defendant in the instant case, obtained a decree quieting title to real property foreclosed at the June 24, 1964 improvement sale and conveyed to him by the

City of Birmingham in a deed of September 19, 1972. A decree pro confesso was entered against respondents Minnie Mae Billingsley and Orzell Billingsley, Sr., if living and their heirs and devisees. A guardian ad litem appeared on behalf of all unknown parties having interests in the real estate.

3. See defendants' exhibit 3, page 3 (Appellants' brief before the Supreme Court of Alabama in *McSwain v. Wallace*, filed October 10, 1974).

by the Alabama Supreme Court in *Billingsley v. Wallace*.[4]

█ The former final judgment bars relitigation, between the original parties, of the matters adjudicated. A final determination, on the merits, of a federal constitutional issue by a state court is res judicata of that issue in any subsequent state or federal proceeding. In a recent fifth circuit decision, the court held that a prior state court judgment rejecting a teacher's claim that her discharge was violative of 42 U.S.C. § 1983 precluded relitigation of the civil rights claim in federal court and was conclusive as to all matters "which were litigated or might have been litigated." *Jennings v. Caddo Parish School Board*, 531 F.2d 1331 (CA5, 1976). Because McSwain and Billingsley previously litigated their claim based on 42 U.S.C. § 1983 and received a final state court judgment, on the merits, they are barred from reasserting the same claim before the federal court.

Moreover, collateral estoppel may be asserted defensively by the other defendants, even though they were not parties to *McSwain v. Wallace. See, e. g., Blonder-Tongue Labs v. University of Illinois*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). Consequently, the final determination in *McSwain v. Wallace* of the issues presented in paragraph 23 precludes McSwain and Billingsley, parties in the prior suit, from relitigating the same claims.

Although collateral estoppel does not bar Essie Mae Rice who was not a party in *McSwain v. Wallace*, Mrs. Rice has no cause of action arising from the challenged real estate transactions. The pleadings and affidavits do not reveal any title to the property in Mrs. Rice nor do they allege any deprivation of her constitutional rights under color of law.[5]

Furthermore, the claim against at least four defendants clearly lacks merit or is not actionable. Defendant Durward who was appointed guardian ad litem for unknown persons, infants and persons of unsound mind in *McSwain v. Wallace* did not represent any of the current plaintiffs and was not a party to the challenged real estate transactions. The complaint fails to state an actionable claim against Durward.

█ Defendant Joiner, attorney for Wallace in *McSwain v. Wallace*, testified in that case that he had attempted to determine the residences of persons who might be interested in the real estate but was unable to ascertain the whereabouts of Billingsley or McSwain. Joiner's testimony as a witness and his representation of Wallace as an attorney constitute his full and only connection with this lawsuit. His actions in neither role amounted to a deprivation of plaintiffs' rights "under color of any [state] statute, ordinance, regulation, custom, or usage," so as to trigger 42 U.S.C. § 1983.

█ The third defendant against whom the Section 1983 claim has no merit is American Title Insurance Company, which conducted a title search of the disputed property. The title search is not an action under color of law or otherwise within the scope of 42 U.S.C. § 1983; nor, indeed, can it be argued that the insurance company would have owed any duty, with respect to its title search and insurance policy, to the plaintiffs here.

█ Finally, the City of Birmingham is immune from suit under 42 U.S.C. § 1983, as a municipality is not a "person" within the meaning of the statute. *See. e. g., Hamilton v. Chaffin*, 506 F.2d 904 (CA5, 1976).[6]

---

4. See note 2.

5. The complaint does not indicate Mrs. Rice's interest in the litigation and Mrs. Rice never responded to defendants' interrogatories. In response to interrogatories attempting to ascertain Mrs. Rice's interest, both plaintiff Billingsley and plaintiff McSwain answered simply that defendants "have this information in their possession." Plaintiffs' counsel has acknowl-

edged in conference that Mrs. Rice has no interest in the property which is the subject of this lawsuit.

6. Moreover, this cause may be barred by the statute of limitations. Whether the applicable statute is one year (Code of Alabama, Title 7, § 26; injury to person or rights of another, not arising from contract and not specifically enu-

**4**

## II. CLAIM ARISING UNDER 42 U.S.C. §§ 1981 and 1982

 Paragraph 24 of the complaint alleges that the foreclosure sale and subsequent transfer to Wallace violated plaintiffs' rights under 42 U.S.C. §§ 1981 and 1982 by infringing their rights to the full and equal benefit of laws "for the security of property and to the same right as white citizens to inherit, sell, hold, and convey real property." The identical allegation was made and argued in the brief submitted in *McSwain v. Wallace* by Billingsley and McSwain to the Alabama Supreme Court.[7] Billingsley and McSwain are prevented from relitigating this issue as to Wallace, who was a party in the prior action, under the doctrine of res judicata, and as to all other defendants, who were not parties, by the doctrine of collateral estoppel.

Even aside from the protection of collateral estoppel, defendants Durward and American Title Insurance Company are not subject to suit under Sections 1981 and 1982, according to the record before the court. The pleadings nowhere indicate any act committed by these defendants that deprived plaintiffs on account of racial discrimination of rights protected by these two statutes.

Finally, the pleadings, affidavits and briefs fail to indicate any rights enjoyed by white citizens which have been denied to plaintiff Rice.[8] Thus, no genuine fact issue exists as to Rice under paragraph 24.

## III. CLAIM ARISING UNDER ALABAMA CODE

Paragraph 25 alleges that the complaint in *McSwain v. Wallace*[9] did not comply with the requirements of the Alabama Code for suits to quiet title and did not confer jurisdiction on the Jefferson County Circuit Court. The identical claim was asserted by Billingsley and McSwain in their brief before the Alabama Supreme Court in *McSwain v. Wallace.*[10] Since the issue was actually litigated, once again Billingsley and McSwain are estopped from reasserting this claim. Furthermore, plaintiff Rice has no standing to challenge the validity of the complaint or decree because she was not a party in that action and has no interest, which has been identified, in the property which is the subject of this action.[11]

The doctrine of collateral estoppel as well as the other reasons mentioned herein compel the conclusion that no triable issue of fact exists. Accordingly, summary judgment will be granted by separate order.

Done this the 16th day of August, 1976.

---

merated) or six years (Code of Alabama Title 7, § 21; trespass or conversion of real property) depends on the characterization of the cause as trespass or trespass on the case. *Beard v. Stephens*, 372 F.2d 685 (CA5, 1967). Alternatively, the ten year limitations period may be appropriate (Code of Alabama, Title 7, § 20; recovery of land or actions against public officers). If the complaint allegation that the real estate transfer is "void under 42 U.S.C. § 1983 as a taking of real property without due process and by fraud, without sufficient notice" is essentially a claim of fraud, then the one year period would apply and cut off litigation rights. This case was filed November 10, 1975. Prior to November 1974 the challenged real estate transactions had been completed and plaintiffs knew of them at least by October 1973, when they appealed the lower court judgment to the Alabama Supreme Court in *McSwain v. Wallace.*

7. See defendants' exhibit 3, page 6 (Appellants' brief before the Supreme Court of Alabama, in *McSwain v. Wallace*, filed October 10, 1974).

8. *See also; McDonald v. Sante Fe Trail Transportation Co.*, 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976). See Note 5.

9. Paragraph 25 actually refers to "the aforesaid Equity Cause No. 163–497", whereas *McSwain v. Wallace* was Equity Case 178–355. As the complaint nowhere else refers to an Equity Cause No. 163–497 and does earlier refer to No. 178–355, this court concludes that paragraph 25 intends to indicate *McSwain v. Wallace.*

10. See defendants' Exhibit 3, page 7 (appellants' brief before the Supreme Court of Alabama, in *McSwain v. Wallace*, filed October 10, 1974).

11. See note 5.