FAULKNER, Justice.
Defendants’ motion for summary judgment was granted in open court on the same day it was filed and served on plaintiffs. Although proper notice of the motion was not given, it is clear from the record that no substantial rights of any party have been injuriously affected. We affirm.
Plaintiffs Lawrence, Laura Etta, and Lisa Jean Billingsley are minor residents of Massachusetts who claim joint ownership of a lot in Birmingham through their great-grandparents. In 1964 the lot was purchased by the City of Birmingham at a public sale held for satisfaction of a local improvement assessment lien. Six years later the City conveyed the lot to C & S Ventures, Inc. On December 16, 1970, title was quieted in C & S Ventures.
On June 12, 1973, plaintiffs filed a “Bill in the Nature of Bill of review and/or Bill of Review” against C & S Ventures, the City of Birmingham, and others. The bill alleged fraud in obtaining the 1970 decree quieting title and claimed $1,000,000 for trespass. Defendants were called upon to set forth their title, claims, or interest in the lot. Defendants’ demurrers were overruled and answers were filed. The cause was set for hearing on October 15, 1974.
On the day of the hearing the parties entered into a stipulation which detailed the procedures surrounding the 1964 public sale of the lot and the 1970 decree quieting title. With this stipulation in hand the defendants moved for summary judgment in open court prior to the taking of any evidence. Service was made on the plaintiffs’ attorney, Orzell Billingsley, by simultaneously handing him a copy of the motion. The trial court then heard arguments by counsel and received defendants’ memorandum brief in support of the motion. That same day the cause was “summarily dismissed, with prejudice,” primarily on the basis of Hill v. Di Beneditto, 253 Ala. 229, 43 So.2d 819 (1950). After repeated extensions of time to file the reporter’s transcript, plaintiffs’ appeal was finally argued and submitted to this Court.
Rule 56(c) of the Alabama Rules of Civil Procedure clearly states that a motion for summary judgment must be served on the adverse party at least ten days prior to the hearing on the motion. In Billingsley v. Gordon, 340 So.2d 743 (Ala.1976), we held that a summary judgment granted on oral motion on the day set for trial did not comply with the notice requirements of Rule 56 and was reversible error.
The principle of that case naturally leads to the conclusion that plaintiffs here are entitled to a reversal. Nevertheless, under the doctrine of “error without injury” we feel the trial court’s judgment should be affirmed. Rule 45 of the Alabama Rules of Appellate Procedure provides in pertinent part:
“No judgment may be reversed or set aside, ... for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”
We have examined the entire record in the case and it is clear that plaintiffs’ suit is barred by § 11-48-55, Code 1975 (formerly Title 37, § 563, Code 1940). That statute provides that the final limit for redemption of property sold in satisfaction of local improvement assessment liens is six years. In Hill, this Court held that this statute runs against minors as well as adults who claim *1144 an interest in the property. As the trial court noted, the 1970 decree quieting title is regular on its face and plaintiffs’ allegations do not present any justification for limiting the operation of this rule of law. Because plaintiffs’ suit was barred, the judgment of the trial court did not “injuriously affect the substantial rights of the parties.” Consequently, the judgment is affirmed, even though proper notice of the motion for summary judgment was not given.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.