L. CHARLES WRIGHT, Retired Appellate Judge.
Robert David Wright was charged on a Uniform Traffic Ticket and Complaint (UTTC) with driving while under the influence of alcohol (D.U.I.). At the trial of the case, the State requested that the charge be amended to “pedestrian under the influence of alcohol” because there was insufficient evidence to prove that Wright was the driver of the vehicle. Wright acquiesced to this amendment and entered a plea of guilty. Pursuant to Code 1975, § 32-5A-195(h), the UTTC was forwarded to the Alabama Department of Public Safety (Department).
Under § 32-6-14, the Director of the Department is required to maintain all abstracts of court records received by him. *901 In addition, that section mandates that the Director must maintain a record on each driver showing the driver’s convictions and accidents.
The Department reflected Wright’s conviction on his driving record as “OTHER-NOT MOVE NOR TRAFF” reduced from “DUI-LIQUORS.” Wright filed a petition for a writ of mandamus in the Circuit Court of Montgomery County requesting that court to order the Director of the Department to remove the notation of the charge D.U.I. from his driving record. The circuit court denied the writ. Wright appeals.
The record shows that the Director properly performed his mandated duties. Wright’s driving record correctly depicts the disposition of the related offense; that is, that he was initially charged with D.U.I., with that charge being amended to pedestrian under the influence. Wright asserts that because pedestrian under the influence is not a lesser included offense of D.U.I. the Director was without authority to enter the notation. In essence, Wright is attacking the validity of the underlying judgment.
The Director was acting solely in an administrative capacity. He was directed by statute to enter an abstract of Wright’s offense. He did so. He could do nothing else. The Director did not have the authority to question or determine the validity of the underlying judgment. To grant mandamus against the Director for simply performing a mandated ministerial action would cast upon him the insurmountable burden of defending collateral attacks upon underlying judgments. Dothard v. Ridgeway, 54 Ala. App. 429, 309 So.2d 468 (Ala.Civ.App.1975).
Mandamus is a drastic and extraordinary writ and, in order for it to issue, there must be credible allegations, which are ironclad in nature, showing that the party to whom the mandamus is to be directed is bound by law to do what the petition requests. Ex parte Adams, 514 So.2d 845 (Ala.1987). No such allegations existed here. The denial of the writ by the circuit court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.