RICHARD L. HOLMES, Retired Appellate Judge.
This is an appeal from the trial court’s order granting the motion for summary judgment filed by Green Brook Contractors (Green Brook).
On October 28, 1993, Green Brook filed a complaint in Jefferson County for declaratory relief. Green Brook requested that the trial court declare a lien filed by J.R. Bryan, Jr., to be a nullity and expunge the lien from the probate records.
We would note that Bryan claimed that he had performed certain work for Green Brook and had not received payment for this work. In fact, Bryan had filed suit in St. Clair County against Green Brook to enforce several liens for work performed. This suit was pending in St. Clair County when the declaratory judgment action was filed in Jefferson County.
On October 28, 1993, Green Brook also filed a motion for summary judgment, a motion for sanctions, and a motion for expedited hearing. Bryan was served with the complaint and the motions on November 3, 1993.
*989 A hearing was held on November 10, 1993. Bryan was not present at the hearing and no one appeared on his behalf. The trial court issued an order dated November 12, 1993, wherein it granted Green Brook’s motion for summary judgment, found the lien to be a nullity, and ordered the hen to be expunged from the probate records. The trial court also awarded sanctions to Green Brook in the amount of $1,000 for attorney fees and $2,500 in costs related to the filing' of the hen.
Bryan filed a motion to alter, amend, or set aside the order and a motion for sanctions. After a hearing the trial court amended its order, reducing the sanctions awarded to Green Brook from $3,500 to $1,000. Ah other motions were denied.
Bryan appeals.
On appeal Bryan argues that the trial court erred when it held a hearing on the motion for summary judgment on November 10, 1993, and entered an order granting Green Brook’s motion for summary judgment on November 12,1993, when the record demonstrates that Bryan was not even served with the summons and complaint until November 3, 1993.
In Dothard v. Belser, 56 Ala.App. 569, 571, 324 So.2d 284, 285 (Ala.Civ.App.1975), this court made the following statements:
“Every defendant has SO days after “personal service of the summons and complaint within which to file his answer. Rule 12(a) ARCP. There is nothing in Rule 57, ARCP which changes or affects Rule 12(a). However, it has always been acceptable for a defendant to waive his right to 30 days for filing an answer or other pleading.”
(Emphasis added.)
Our review of the record reveals that Bryan had not filed a responsive pleading when the hearing was held on November Í0, 1993. We would also note that neither Bryan nor anyone on his behalf was present at the November 10, 1993, hearing. Therefore, it cannot be said that Bryan waived his right to 30 days for filing an answer or other pleading. It is clear that in this case, Bryan has a right to 30 days for filing an answer or other pleading.
In addition, we would note that Rule 56(a), A.R.Civ.P., provides, in pertinent part:
“A party seeking ... to obtain a declaratory judgment may, at any time after the expiration of SO days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.”
(Emphasis added.)
Rule 56(c)(2), A.R.Civ.P., provides, in pertinent part:
“The motion for summary judgment, with all supporting materials, including any briefs, shall be served at least ten (10) days before the time fixed for the hearing, except that a court may conduct a hearing on less than ten (10) days’ notice with the consent of the parties concerned.”
In the present case the trial court failed to comply with the requirements of Rules 12(a), 56(a), and 56(c)(2). Green Brook argues that the doctrine of error without injury prevents this judgment from being reversed because Bryan’s claim is barred by the applicable statutes. Green Brook relies upon Billingsley v. C & S Ventures, Inc., 364 So.2d 1142 (Ala.1978). In Billingsley, on the date set for hearing, the parties entered into a stipulation regarding certain facts. Thereafter, the defendant made a motion for summary judgment, and after arguments the cause was “ ‘summarily dismissed with prejudice.’” Clearly, the present case is distinguishable because it was the plaintiff who requested that a motion for summary judgment be granted. This request was granted before the defendant had an opportunity to answer within 30 days after he was served with the summons and complaint. We cannot agree that this was error without injury.
While the above is dispositive of this ease, Bryan also argues that the trial court’s award of sanctions fails to comply with Ala. Code 1975, § 12-19-273. We note that a trial court should, where applicable, comply with the provisions of this statute and set forth the reasons for making such an award. Tidwell v. Waldrop, 583 So.2d 243 (Ala.1991).
*990 In view of the above, this judgment is due to be reversed and the cause remanded.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.