Selling liquor without a license; $400. fine and 45 days hard labor.
The evidence for the City showed that on February 16, 1980, Birmingham Police Officer A.W. Ellis made a purchase of one shot of whiskey from appellant at 1901-13th Way, S.W., in Birmingham, that appellant was not a liquor licensee, and that the premises was not an ABC store.
Appellant testified that the premises was his personal residence, that on the date in question he was having a private party to which Officer Ellis had not been invited, and that he did not sell any liquor to Officer Ellis.
Upon appellant's conviction in Birmingham Municipal Court for selling liquor without a license in violation of § 28-2 of the General Code of Birmingham, 1964, he appealed to the Jefferson Circuit Court and demanded a jury trial. The jury found him guilty and set his fine at $400.00. The trial judge imposed an additional sentence of forty-five days hard labor.
 I
Appellant maintains that since the City Complaint charging him with a violation of § 28-2, supra, was not made a part of the record on his appeal to the circuit court for trial de novo, the City did not properly file the "other documents" relating to his appeal as mandated by § 12-14-70 (d), Code of Alabama 1975 (Supp. 1980). § 2-14-70 (d), supra, provides the following:
 "When an appeal has been taken, the municipality shall file the notice and other documents in the court to which the appeal is taken within 15 days, failing which the municipality shall be deemed to have abandoned the prosecution, the defendant shall stand discharged, and the bond shall be automatically terminated."
[Emphasis added]
Appellant argues that the failure of the City to file the complaint with the circuit court prior to his trial in that court should have resulted in his discharge. He acknowledges that he received a copy of the Complaint at the time he was tried in municipal court, and again on the day of his trial in circuit court, but insists that the City lost jurisdiction over him by not previously filing the Complaint as a part of the record on appeal to the circuit court.
It is a well-settled proposition of law that a defendant has the right to be apprised of the nature and cause of the accusation against him by written complaint. Miles v. State,94 Ala. 106, 11 So. 403 (1891). Here, appellant was provided with the Complaint in municipal court and in circuit court before trial, and he was aware of the charge against him.
The City's failure to file the Complaint with the circuit court within fifteen days of appellant's appeal did not deprive that court of jurisdiction over him. See Chaney v. City ofBirmingham, 246 Ala. 147, 21 So.2d 263 (1944); Clark v. City ofMobile, Ala.Cr.App., 357 So.2d 675, cert. den. Ala.,357 So.2d 680 (1978); Howard v. City of Bessemer, 40 Ala. App. 317,114 So.2d 158 (1959). *Page 934 
It is well-settled that jurisdictional recitals in the appeal bond suffice to give the court to which the appeal is taken jurisdiction of the case. Howard v. City of Bessemer, supra. In the case before us, the appeal bond is regular in all respects and it was filed with the circuit court well within the fifteen-day time limit.
Therefore, it is our judgment that the technical omission of the Complaint from the record on appeal, when appellant had previously been provided with the Complaint and had notice of the charge against him, did not deprive the circuit court of jurisdiction over him or serve to abate the proceedings against him.
 II
Appellant contends that the passage of a new General Code of the City of Birmingham subsequent to his alleged offense rendered the ordinance under which he was tried an ex post facto law.
His alleged offense occurred on February 16, 1980. He was prosecuted under § 28-2 of the 1964 General Code, the ordinance in effect on that date. The 1980 General Code did not take effect until May 5, 1980, when the ordinance adopting it was published in the newspaper. See § 11-45-8, Code of Alabama 1975. Therefore appellant was prosecuted pursuant to the law in effect at the time of the alleged offense, and there is no question involving an ex post facto law before us.
 III
Appellant next argues that his conviction was not supported by the evidence because one illegal sale of whiskey is not sufficient to constitute a violation of § 28-2, supra. We do not agree. In an early case, the Alabama Supreme Court held that proof of a single sale of intoxicating liquor without a license was sufficient to constitute a violation of the liquor laws. Wilson v. State, 136 Ala. 114, 33 So. 831 (1903).
 IV
Appellant's final contention is that the trial court erred by not giving certain written requested jury charges. All of the refused charges, however, were either misleading or erroneous statements of the law, or were adequately covered by the court's oral charge. Their refusal, therefore, was proper. SeeStinson v. State, 55 Ala. App. 629, 318 So.2d 325, cert. den.294 Ala. 772, 318 So.2d 329 (1975); Burress v. State,56 Ala. App. 414, 321 So.2d 752 (1975).
We have examined the record and have found no error prejudicial to appellant. The judgment of conviction by the Jefferson Circuit Court is therefore affirmed.
AFFIRMED.
All the Judges concur.