KENNEDY, Justice.
Robert David Wright filed a petition for a writ of mandamus, seeking an order compelling Colonel Thomas Wells, as director of the Department of Public Safety (the “Department”), to expunge a notation on his driving record. The trial court denied the petition, and the Court of Civil Appeals affirmed the trial court’s judgment. Wright v. Wells, 586 So.2d 900 (Ala.Civ.App.1990).
Wright was a passenger in a vehicle that struck a mailbox. The driver of the vehicle left to telephone for assistance in moving the vehicle, and Wright remained with the vehicle. Law enforcement officers arrived and arrested Wright, charging him with violating Ala.Code 1975, § 32-5A-191(a)(2) (driving under the influence of alcohol).
At the trial of the case, the State requested that the charge be amended to “pedestrian under the influence of alcohol,” because there was insufficient evidence to prove that Wright was the driver of the vehicle. The record does not indicate the statutory basis for that charge. Wright pleaded guilty to having been a “pedestrian under the influence.” Later, he discovered that the Department had obtained records of his conviction for “pedestrian under the influence” and had entered on its records this notation concerning his driving: “other — not move nor. traff from DUI-Liquors.”
Before filing this mandamus action, Wright contacted the district court in which he had pleaded guilty to having been a “pedestrian under the influence” to see if the district court could help in having the notation removed from his driving record. The district court wrote a letter to Wright's lawyer stating:
“In reviewing the driving history attached, my understanding of the notation, “Other-Not Move Nor Traff From — DUI-Liquors” is not a conviction for Driving Under the Influence but indicates a conviction of a non-moving violation and other than traffic.
“Your letter requests that this Court Order the Department of Public Safety to remove the DUI-Liquors notation from Mr. Wright’s driving record. I am, by copy of this letter, confirming for the Department of Public Safety that the citation was amended to Pedestrian Under the Influence as there was insufficient evidence to support a finding that the Defendant, not another individual, was driving.”
In affirming the judgment of the trial court, the Court of Civil Appeals held that §§ 32-5A-195(h) and 32-6-14 required the Department to maintain the notation on Wright’s record and that Wright was, in effect, seeking to attack collaterally the judgment of conviction against him.
Section 32-5A-195(h) provides:
*903 “(h) Every court having jurisdiction over offenses committed under this article or any other law of this state or municipal ordinance adopted by a local authority regulating the operation of motor vehicles on highways, shall forward to the director of public safety within 10 days a record of the conviction of any person in said court for a violation of any said laws other than regulations governing standing or parking, and may recommend the suspension of the driver’s license of the person so convicted.”
(Emphasis added.)
Section 32-6-14 addresses the records to be maintained by the director of public safety, and it provides:
“The director of public safety shall file every application for a license received by him and shall maintain suitable indic-es thereto. The director of public safety shall also file all accident reports and abstracts of court records of convictions received by him under the laws of this state and in connection therewith maintain convenient records or make suitable notations in order that an individual record of each licensee and the traffic accidents in which he has been involved shall be readily ascertainable and available for the consideration of the director of public safety upon any application for renewal of license and at other suitable times.”
That section provides that records of convictions received by the director of public safety shall be maintained; it does not substantively address what convictions are properly maintained on the Department’s records. Section 32-5A-195(h) does substantively address what records are to be forwarded to the Department and thus maintained on its records. Accordingly, we focus on that provision to resolve the case.
Section 32-5A-195(h) provides for the forwarding of records of convictions for violating laws either “under this article” [1] or pertaining to the operation of motor vehicles on highways. It does not order the forwarding of, or even address, charges brought against an individual; indeed, § 32-5A-195(i) specifically provides that the term “conviction” shall mean final conviction. Wright’s conviction was for “pedestrian under the influence.” It is undisputed that the conviction for “pedestrian under the influence” is not a conviction for a moving violation or a driving violation concerning the operation of a motor vehicle on a highway. Accordingly, we hold that the record of Wright’s conviction for “pedestrian under the influence” should not have been forwarded to the Department for it to maintain a record thereof; that the Department cannot properly maintain on Wright’s driving record his conviction for “pedestrian under the influence”; and that the Department cannot maintain a notation on Wright’s driving record concerning a DUI-liquors charge. Indeed, the language of § 32-5A-195(h) — “other than regulations governing standing or parking” — may even act to expressly exclude Wright’s conviction from the coverage of that provision.
Furthermore, far from collaterally attacking the underlying judgment of conviction, Wright actually used that conviction as the basis for his mandamus petition. The entire discussion in our opinion indicates that.
The Court of Civil Appeals erred. The petition for writ of mandamus is due to be granted. The judgment of the Court of Civil Appeals is due to be reversed and the cause remanded for that court to remand for the trial court to issue the writ of mandamus.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.

. "Pedestrian under the influence” does not appear as a crime anywhere in Title 32, and certainly not in that particular article.