McMILLAN, Judge.
The appellee was convicted and was sentenced in the municipal court of the City of Foley on a charge of assault in the third degree. He appealed to the circuit court for a trial de novo and entered a plea of not guilty. On the day of trial, after the jury was sworn, the appellee moved to dismiss the case. The circuit court, by written order on that date, granted the motion, on the ground that the city’s omitting the name of the victim from the solicitor’s complaint was a fatal error. The city’s motion thereafter to reconsider the dismissal was denied by the circuit court.
Prior to his conviction in the municipal court, the appellee was served with a warrant and a complaint, which set forth in detail the charges against him, including the name of the victim. The municipal court then conducted a full trial and heard all the evidence against the appellee before adjudging him guilty. It is undisputed that the solicitor’s complaint filed thereafter in the circuit court failed to name the victim. The city contends that the circuit court improperly dismissed the appellee’s case based upon the stated omission.
When a defendant appeals to the circuit court for trial de novo, the municipality within 15 days must file the notice of appeal and all other documents, § 12-14-70(d), Code of Alabama 1975, including a solicitor’s complaint, § 15-8-131, Code of Alabama 1975. In the present case, the city timely filed the required documents but failed to name the victim in the new complaint. This omission, however, is not fatal.
A written complaint is not required in the appeal of all municipal court proceedings. Where, for example, a case proceeds upon an arrest, without a warrant based upon a complaint, there is no complaint to be filed in the circuit court. Ex parte Hood, 404 So.2d 717, 719 (Ala.1981). Moreover, a party in such a case who fails to demand a written complaint before proceeding to trial in the municipal court waives the right to raise the issue on appeal. Id. Therefore, it is clear that the requirement of a written complaint is not jurisdictional. We note that because the appellant did not object on this ground until filing his motion to dismiss after the jury had been struck and sworn on the first *1013 day of trial, the motion was untimely. Phillips v. State, 447 So.2d 1312 (Ala.Cr.App.1984), cert. denied, 471 U.S. 1019, 105 S.Ct. 2047, 85 L.Ed.2d 309 (1985); Flowers v. State, 402 So.2d 1088 (Ala.Cr.App.), cert. denied, 402 So.2d 1094 (Ala.1981).
It is a well-settled proposition of law that a defendant has the right to be apprised of the nature and cause of the accusation against him by written complaint. Jefferson v. City of Birmingham, 399 So.2d 932, 933 (Ala.Cr.App.1981), citing Miles v. State, 94 Ala. 106, 11 So. 403 (1892). In the present case, however, a complete statement of the charges was not required in the solicitor’s complaint filed in the circuit court because the appellee already had been fully informed by the previous complaint and the proceedings in the municipal court. See Jefferson v. City of Birmingham, supra (failure to file complaint prior to trial was not grounds for discharge). Therefore, the trial court’s dismissal was error. The judgment of the trial court is reversed, and this cause is remanded to the circuit court with instructions that it be restored to the docket.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All Judges concur.