TAYLOR, Presiding Judge.
The appellant, Richard David Johnston, was convicted of resisting arrest, disorderly conduct, and giving false information to a police officer in the municipal court for the City of Irondale. He appealed to the Circuit Court for Jefferson County for trial de novo and was found guilty of all three offenses. He was sentenced to six months in jail and was fined $1,000 on his conviction for resisting arrest. That sentence was suspended and the appellant was ordered to serve two years on probation. He was sentenced to 60 days in jail and was fined $800 on the conviction for giving false information. On the conviction for disorderly conduct the appellant was sentenced to 60 days in jail and was fined $500.
The appellant contends that the Circuit Court for Jefferson County was without jurisdiction to fine him $1,000 on his conviction for resisting arrest. The Irondale City Ordinance concerning resisting arrest provides a maximum fine of $500 upon conviction for the offense of resisting arrest. The record reflects that upon appeal to the Circuit Court for Jefferson County the appellant was convicted of the offense and was fined as if the offense was a violation of the state statute for resisting arrest, which provides a penalty of $1,000, see § 13A-10-41, Code of Alabama 1975, rather than a violation of a municipal ordinance, which provides for a penalty of $500. The question this court must answer is whether a circuit court, when trying a ease on appeal de novo from a municipal court may impose a greater penalty than that provided in the municipal ordinance the defendant is accused of violating.
Section 11 — 45—9(b) states the following concerning a municipality’s enactment of a penalty for the violation of an municipal ordinance:
“No fine shall exceed $500.00 and no sentence of imprisonment or hard labor shall exceed six months except, when in the enforcement of the penalties prescribed in Section 32-5A-191 [driving under the influence], such fine shall not exceed $5,000.00 and such sentence of imprisonment or hard labor shall not exceed one year.”
Section 12-14-70 states: “Upon trial or plea of guilty in the circuit court on appeal, the court may impose any penalty or sentence which the municipal court could have imposed.” The maximum fine allowable for violation of the municipal ordinance of resisting arrest is $500. The Circuit Court for Jefferson County could not impose a higher fine than that provided by the municipality.
For this reason, this cause is remanded to the Circuit Court for Jefferson County for that court to hold a new sentencing hearing on the resisting arrest conviction and to fix a fine no greater than $500. Due return should be filed with this court no later than 42 days after the release of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.