On Application for Rehearing
This Court's opinion of September 17, 1999, is withdrawn, and the following opinion is substituted therefor.
On March 5, 1999, the Montgomery County Grand Jury indicted Michael Shaver for driving under the influence of alcohol (DUI), in violation of § 32-5A-191(a), Ala. Code 1975, after having been convicted of DUI on three prior occasions, a violation of § 32-5A-191(h), Ala. Code 1975. On March 15, 1999, Shaver waived arraignment and pleaded not guilty. (C.R. 8.) On April 2, 1999, Shaver filed a motion to *Page 89 
dismiss the indictment, claiming that the circuit court "lack[ed] jurisdiction over the person and the charged offense by subject matter." (C.R. 11). On April 9, 1999, a hearing was held before the circuit court. Shaver argued, based on the Alabama Supreme Court's holding in Exparte Parker, 740 So.2d 432 (Ala. 1999), that § 32-5A-191(h), Ala. Code 1975, did not create a substantive felony offense, and that pursuant to § 12-12-51, Ala. Code 1975,[1] jurisdiction over his offense rested in the district court. Ex parte Parker held that the prior DUI convictions could be used only for enhancement purposes in the prosecution of a fourth or subsequent DUI offense. The State argued that the circuit court had jurisdiction based on the Supreme Court's holding in Johnston v. State, 740 So.2d 438 (Ala. 1999), which, by upholding the trial court's judgment, implicitly approved of prosecuting a fourth or subsequent DUI offense in the circuit court. Additionally, the State moved to amend the indictment to remove the language indicating that the defendant had prior DUI convictions, to conform with the holding in Exparte Parker. The circuit court dismissed the indictment, stating: "Based on [Ex parte Parker], this Court is without jurisdiction to hear said case." (C.R. 1.) From that order, the State appeals.
The State contends that the trial court abused its discretion by dismissing the indictment against Shaver because, it says, if the circuit court was without jurisdiction to hear the case, it should have transferred the case to district court for disposition, rather than dismiss the indictment. (State's brief at pp. 5-7.)
Shaver's indictment charged him with driving under the influence of alcohol, a violation of § 32-5A-191(a), Ala. Code 1975,[2] after having been convicted of three prior DUI offenses, a violation of §32-5A-191(h), Ala. Code 1975. Section 32-5A-191(h), Ala. Code 1975, provides:
 "On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony and punished by a fine of not less than four thousand one hundred dollars ($4,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment of not less than one year and one day nor more than 10 years. . . .
 "Any law to the contrary notwithstanding, the Alabama habitual felony offender law shall not apply to a conviction of a felony pursuant to this subsection, and a conviction of a felony pursuant to this subsection shall not be a felony conviction for purposes of the *Page 90 
 enhancement of punishment pursuant to Alabama's habitual felony offender law."
(Emphasis added.) Since the enactment of § 32-5A-191(h), Ala. Code 1975 (formerly § 32-5A-191(f), Ala. Code 1975), which established a felony punishment for persons convicted of a fourth or subsequent DUI offense, a great deal of confusion has arisen as to how to treat prosecutions of persons who are being charged with a fourth or subsequent DUI offense.
In order to better understand the problem, a brief history of the procedures used in the municipal, district, and circuit courts for a defendant who has committed a fourth or subsequent DUI offense follows.
When a law enforcement officer issues a ticket for a DUI offense, the person is charged with the misdemeanor violation of DUI. See §32-5A-191(a). Typically, between the time the ticket is issued and comes to trial in the municipal or district court (see § 12-12-51, establishing the jurisdiction of the municipal or district court for misdemeanor prosecutions for traffic offenses), the state, county, or municipal officer runs a driving history on the person to determine if the person has previously been convicted of DUI. If the charged offense is not the person's fourth or subsequent DUI offense, the municipal or district court allow the person either to waive an attorney and trial and to plead guilty to the offense, or to request an attorney, in which event the case is set for trial. If the present DUI charge may result in a fourth or subsequent DUI conviction, then the municipal or district court typically transfers the case to the district attorney's office for presentation to a grand jury. The return of an indictment invokes the jurisdiction of the circuit court so that the felony punishment mandated in § 32-5A-191(h) could be imposed; disposition of the case occurred in circuit court.[3] If the circuit court concludes before trial that the defendant does not have three or more prior DUI convictions that could be used as enhancement to invoke the felony punishment,[4]
circuit courts dispose of the indictment in different ways. If the defendant is willing to plead guilty, some circuit courts in the interest of judicial economy accept a misdemeanor plea and impose the appropriate sentence. See Casey v. State, 740 So.2d 1136 (Ala.Cr.App. 1998). See also § 32-5A-191(e), (f), and (g), Ala. Code 1975. Other circuit courts dismiss the indictment, on the basis that it was fatally defective. Still others transfer the case to the lower court for disposition.[5] If the circuit court determines that the defendant has three or more prior DUI convictions that could be used as enhancement to invoke the felony punishment, the circuit court either allows the defendant to plead guilty to the charged DUI and imposes the felony punishment or, if the defendant desires a trial, the circuit court, sitting either with or without a jury, conducts a trial. If the defendant is convicted, the circuit court imposes the felony punishment. *Page 91 
One of the questions that arose from this procedure of obtaining an indictment and trying fourth or subsequent DUI offenses in circuit court was whether the prior DUI convictions should be included in the indictment as elements of the offense and then proven at any trial of the case. This Court answered this question affirmatively in State v.Parker, 740 So.2d 421 (Ala.Cr.App. 1997). The Supreme Court, however, reversed this Court's determination that § 32-5A-191(h) created a substantive felony offense; it held that § 32-5A-191(h) was an enhancement provision, applicable only to punishment. Ex parte Parker, supra. In Ex parte Parker, 740 So.2d at 433 the Supreme Court specifically addressed the following issue:
 "[W]hether § 32-5A-191(h) states a substantive offense, of which the three prior convictions referred to in that subsection are elements, or whether the prior offenses referred to in that subsection are properly to be considered only for the purposes of determining whether upon conviction a defendant shall receive an enhanced sentence."
Our Supreme Court held:
 "Section 32-5A-191, plainly read, compels the conclusion that the provisions of the present subsection (h) were intended to declare certain DUI convictions to be felony convictions and to prescribe punishment, rather than to define the substantive elements of a separate offense. Furthermore, the substantive elements of the offense dealt with by § 32-5A-191 are set out in subsection (a). . . .
". . .
 ". . . Subsection (h), while increasing the severity of the punishment, does not alter the substantive offense set out in subsection (a)."
Ex parte Parker, 740 So.2d at 434 -35.
While the Supreme Court's determination that prior DUI convictions were not elements of a substantive offense set out in § 32-5A-191(h), and, therefore, that they should not be listed in the indictment or evidence of them admitted into evidence at trial but should be used for enhancement purposes only, resolved the main issue presented in Ex parteParker, its holding seemed to create a situation where a defendant could be tried for the misdemeanor offense of DUI in violation of § 32-5A-191
— an offense within the original jurisdiction of the municipal or district court — but, if convicted, could be sentenced for a felony — an offense within the jurisdiction of the circuit court.[6]
However, in Ex parte Formby, 750 So.2d 587 589 (Ala.Cr.App. 1999), the Supreme Court clarified its holding in Ex parte Parker, by stating that "a fourth or subsequent DUI conviction is a felony conviction, rather than a misdemeanor conviction," that "the offense charged . . . is a felony," and "[p]rosecutions for felony DUI offenses . . . should continue to be in circuit court."
Accordingly, it appears to this Court that in cases where the charged DUI would be a fourth or subsequent offense, the State should implement a procedure like the one used in Ex parte Formby. The prosecutor should seek an indictment from a grand jury to invoke the jurisdiction of the circuit court, and the case should be tried in circuit court. We remind the state, however, that the indictment should charge a felony in violation of § 32-5A-191(h), but not list the prior DUI convictions, and the state shall *Page 92 
not refer to the prior DUI convictions at trial.
As the Supreme Court noted in Ex parte Formby, the indictment, in and of itself, acts as notice to the defendant that the State is invoking the circuit court's jurisdiction to impose, upon conviction for a violation of § 32-5A-191(a), the felony punishment mandated by §32-5A-191(h).
Based on the above analysis, the order of the trial court dismissing the indictment is hereby reversed and the case remanded to the circuit court for further proceedings consistent with this opinion.
OPINION OF SEPTEMBER 17, 1999, WITHDRAWN; OPINION SUBSTITUTED; APPLICATIONS FOR REHEARING OVERRULED AND 39(K) MOTIONS DENIED; REVERSED AND REMANDED.
Long, P.J., and McMillan, Cobb, and Baschab, JJ., concur.
[1] Section 12-12-51, Ala. Code 1975, provides: "The district court shall have exclusive original jurisdiction of misdemeanor prosecutions for traffic infractions, except ordinance infractions prosecuted in municipal courts."
[2] Section 32-5A-191, Ala. Code 1975, provides:
 "(a) A person shall not drive or be in actual physical control of any vehicle while:
 "(1) There is 0.08 percent or more by weight of alcohol in his or her blood;
"(2) Under the influence of alcohol;
 "(3) Under the influence of a controlled substance to a degree which renders him or her incapable of safely driving;
 "(4) Under the combined influence of alcohol and a controlled substance to a degree which renders him or her incapable of safely driving; or
 "(5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him or her incapable of safely driving."
A violation of § 32-5A-191(a), is a misdemeanor. King v. Wooldridge,547 So.2d 576 (Ala.Cr.App. 1988), rev'd on other grounds, 547 So.2d 579
(Ala. 1989).
[3] Section 12-11-30, Ala. Code 1975, provides: "The circuit court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge."
[4] Before a 1997 amendment to what is now § 32-5A-191(h), the fourth or subsequent conviction had to occur within five years. In many cases, the indicted DUI offense would not be tried within the five-year range. In that event, § 32-5A-191(h) was not applicable.
[5] See Wright v. State, 494 So.2d 177 (Ala.Cr.App. 1986) (holding that the district court has original jurisdiction of misdemeanor prosecutions for traffic offenses even where an indictment has been returned.
[6] Presiding Judge Long in his dissent to this Court's opinion inState v. Parker, supra, noted that treatment of § 32-5A-191(h) as a sentence enhancement provision created the problem of whether the district court or circuit court had jurisdiction over the case.