COOK, Justice.
John Dennis Snavely was convicted of driving with an expired license plate, a violation of § 32-6-65, Ala.Code 1975; driving without a license, a violation of § 32-6-1; and driving with a revoked license, a violation of § 32-6-19, Ala.Code 1975. He was sentenced to 20 days in jail and was assessed $490 in fines and court costs.
On appeal, Snavely argued (1) that the trial court erred by refusing to charge the jury on the definitions of “transport,” “transportation,” and “carrier”; (2) that the sections of the Motor Vehicle Code with which he was charged impermissibly restrict his constitutional right to travel; and (3) that the trial court erred in convicting him of driving with a revoked license when, he says, he had never actually held a valid driver’s license that could be revoked. The Court of Criminal Appeals, on August 14, 1998, affirmed his convictions, without an opinion. Snavely v. City of Huntsville, 741 So.2d 487 (Ala.Crim.App.1988) (table). We granted Snavely’s petition for certiora-ri review to consider one question: Whether he was properly convicted of driving with a revoked license. (Trial court case CC-97-1384.)
Snavely was stopped on May 18, 1995, because the vehicle he was driving had an expired license plate. He was cited for that offense and for driving without first obtaining a driver’s license. On February 14, 1996, he was stopped again, this time because he was driving very slowly and was having trouble staying in his lane of traffic. At that time, he was cited for driving while his driving privilege had been revoked, under § 32-6-19, Ala. Code 1975.
The Court of Criminal Appeals, in an unpublished memorandum, stated:
“It is undisputed that Snavely never held a valid Alabama driver’s license. He contends that it is impossible for him to be held guilty of driving while his license was revoked since he never held a license. However, the Alabama Uniform Traffic Ticket and Complaint ... which Snavely received states: ‘Driving while license or privilege is: revoked.’ *1056 In a reconciliation of Rule 19, Rules of Judicial Administration which adopted the Uniform Traffic Ticket and Complaint form and § 32-6-19, Ala.Code 1975, ‘license’ and ‘privilege’ are used interchangeably. Therefore, Snavely may be held in violation of driving while license, or privilege was revoked.”
At the time of Snavely’s arrest, Ala.Code 1975, § 32-6-19,[1] provided:
“Any person whose driver’s or chauffeur’s license issued in this or another state or whose driving privilege as a nonresident has been cancelled, suspended or revoked as provided in this article and who drives any motor vehicle upon the highways of this state while such license or privilege is cancelled, suspended or revoked shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than $100.00 nor more than $500.00, and in addition thereto may be imprisoned for not more than 180 days. Also, at the discretion of the director of public safety, such person’s license may be revoked for an additional revocation period of six months.”
(Emphasis added.)
Snavely did not possess a driver’s license issued in the State of Alabama. Snavely had at one time possessed a driver’s license in the State of Texas. However, he had voluntarily surrendered the Texas license at the time of his arrest in Alabama. Thus, that portion of § 32-6-19, Ala.Code 1975, based on the words “any person whose driver’s ... license issued in this or another state” does not apply to Snavely. Nor does that portion of § 32-6-19 based on the words “or whose driving privilege as a nonresident,” because Snavely was, and is, a resident of Alabama. Therefore, § 32-6-19 does not apply to Snavely. Snavely was not properly charged with driving with a revoked license.
The judgment of the Court of Criminal Appeals is reversed to the extent it affirmed the conviction in case no. CC-97-1384, and the case is remanded for entry of an order vacating the conviction of driving with a revoked license.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, LYONS, JOHNSTONE, and ENGLAND, JJ., concur.
BROWN, J., recuses herself.*

. Section 32-6-19 has been amended twice since Snavely’s arrest, once in 1997 and again in 1998.