John Charles Farmer, Jr., was initially convicted in the Municipal Court of the Town of Daphne of driving while his license was revoked and of speeding, violations of Municipal Ordinance No. 1987-8. This ordinance incorporates § 32-5A-171 and § 32-6-19, Ala. Code 1975. After his conviction in municipal court, Farmer appealed to the circuit court for a trial de novo. Following a jury trial, Farmer was again convicted of driving while his license was revoked and speeding. He appeals.
 I.
Farmer contends on appeal that the admission into evidence of the City's "Exhibit 2," a certified copy of a printout from the Alabama Department of Public Safety of Farmer's driving history, was reversible error because, he says, it was inadmissible hearsay and the City failed to lay a proper foundation for its admissibility into evidence under the business records exception to the rule prohibiting hearsay. See, Rule 803(6), Ala.R.Evid.
Farmer's driving history was properly certified by the custodian of records for the Alabama Department of Public Safety and the document specifically showed that Farmer's driver's license was revoked at the time he was charged with the instant offense of driving while his license was revoked (C.R. 40.) Thus, even if the evidence was inadmissible under the business exception to the hearsay rule, the document was properly admitted under the public records exception to the hearsay rule. Rule 803(8), Ala.R.Evid; § 12-21-35, Ala. Code 1975; Norton v. State,502 So.2d 393, 394 (Ala.Cr.App. 1987) ("[A] properly certified computer printout, certified by the official having custody of the driving records in the State Department of Public Safety and showing the status of the driver's license of appellant on the date in question, would be admissible as presumptive or prima facie evidence of [the status of a defendant's driver's license on a particular date]. § 12-21-35."); Goodwin v. State,728 So.2d 662, 670 (Ala.Cr.App. 1998) ("At present, the most common and preferred method of proving the offense is through the admission of a certified copy of the defendant's driving record, showing the status of the defendant's driver's license on the date of arrest, as maintained by the State Department of Public Safety."). *Page 810 
 II.
Farmer contends on appeal that the admission of his driving history was reversible error under Rule 404(b), Ala.R.Evid., because that history reflected over 100 traffic convictions received by Farmer over the course of his 21 years as a driver. He argues on appeal that this history is irrelevant, immaterial, incompetent, and highly prejudicial evidence. Rule 404(b), Ala.R.Evid, prohibits the admission of evidence of collateral conduct when that evidence is offered "to prove the character of the person and that such person acted in conformity therewith on the occasion in question." Charles W. Gamble, Gamble's AlabamaRules of Evidence, 78 (1995). Farmer made the following objection at trial:
 "This exhibit contains several convictions on record that exceed a 10 year time period. All of [the driving offenses listed on the document] are highly prejudicial, [and they have] no probative value. I submit that if this goes to the jury then the defendant is being denied his right to a fair trial."
(R. 16.) Farmer's objection was more of an objection under Rule 403, Ala.R.Evid.,[1] than one under Rule 404; thus, his argument under Rule 404(b) is raised for the first time on appeal. "`An issue raised for the first time on appeal is not subject to review because it has not been properly preserved and presented.'"Rutledge v. State, 745 So.2d 912 (Ala.Crim.App. 1999).
Regardless of whether the precise issue was preserved, the admission into evidence of Farmer's complete driving history was not reversible error because Farmer waived this issue by his actions at trial. The City did not offer the driving history as character evidence. The City offered Exhibit 2 to prove that Farmer was driving while his license was revoked. Upon Farmer's objection, as stated above, the City offered to redact Farmer's entire driving history except for the relevant entry. Farmer declined, arguing that the entire document was inadmissible hearsay. As stated in Part I, the document was admissible under the public records exception to the hearsay rule. Thus, Farmer's refusal to redact the entries he alleged were irrelevant invited the error he now asserts on appeal. "`"A party cannot assume inconsistent positions in the trial and appellate courts and, as a general rule, will not be permitted to allege an error in the trial court proceedings which was invited by him or was a natural consequence of his own actions."'" Smith v. State, 745 So.2d 922
(Ala.Crim.App. 1999).
 III.
Farmer contends that the fine imposed by the circuit court exceeded the maximum allowed by law. Section 4 of Municipal Ordinance No. 1987-8 establishes a maximum fine of $500 for speeding and for driving while one's license is revoked. Farmer was fined $750 for each offense. The City concedes that this case must be remanded for resentencing in accordance with Municipal Ordinance 1987-8 because a circuit court, on a de novo appeal from a municipal court, cannot impose a greater fine than that authorized to be imposed by the municipality for the offense.Johnson v. City of Irondale, 671 So.2d 776, 777 (Ala.Crim.App. 1995).
The case is remanded to the trial court to hold a new sentencing hearing and to fix a fine at no greater than $500 for each offense. Due return should be filed with *Page 811 
this court no later than 42 days after the release of this opinion.
AFFIRMED AS TO CONVICTION; REMANDED FOR SENTENCING.
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.
[1] Rule 403, Ala.R.Evid., gives discretionary power to the trial court to exclude material and relevant evidence if the probative value of the evidence is outweighed by the danger of unfair prejudice. See, Gamble, supra, at 48.