The appellant, James Wade Owens, was indicted on charges of driving while his license was revoked, a violation of § 32-6-19, Ala. Code 1975, and of exceeding the speed limit, a violation of §32-5A-171, Ala. Code 1975. He was charged in a separate indictment for the felony offense of driving under the influence, ("DUI") a violation of § 32-5A-191(h), Ala. Code 1975. The cases were consolidated for trial, and after a trial, the appellant was found guilty of all of the charged offenses. The appellant, who had at least four prior DUI convictions, was sentenced to six years in prison and was fined $5,000. The trial court also ordered the appellant to pay a $20 fine for speeding and a $100 fine for driving while his license was revoked. This appeal followed.
The evidence presented at trial established that on August 29, 1999, Officer Rick Williams of the Priceville Police Department, while he was on patrol, saw the appellant's vehicle speeding, and crossing the center line, and the appellant was driving erratically. After following the vehicle for approximately a mile, Officer Williams stopped the appellant, who was then driving approximately 80 mph in a 55-mph zone. When Officer Williams requested that the appellant produce a driver's license, the appellant "stated that he did not have a license with him." (R. 35.) The appellant smelled of alcohol, his speech was slurred, and he was unstable on his feet. Officer Williams instructed the appellant to perform four field-sobriety tests; he failed all four. The appellant refused to take an Intoxilyzer 5000 test; he stated that "he was not going to blow into the instrument, that it didn't matter, he didn't have a driver's license anyway." (R. 59.)
 I.
The appellant first argues that the indictment for felony DUI was insufficient to invoke the circuit court's jurisdiction. The indictment read as follows:
 "James Wade Owens, whose name is to the Grand Jury otherwise unknown, did drive or was in actual physical control of a vehicle on, to-wit: August 29, 1999, while under the influence of alcohol and further, having been convicted three (3) or more times of driving under the influence, *Page 863 
 to-wit: James Wade Owens was convicted of driving under the influence of alcohol in the Municipal Court of Flint, Alabama (TR-91-1154), on September 17, 1991; James Wade Owens was convicted of driving under the influence of alcohol in the Municipal Court of Decatur, Alabama (TR-91-6822), on December 2, 1991; James Wade Owens was convicted of driving under the influence of alcohol in the Municipal Court of Hartselle, Alabama (TR-92-148), on March 19, 1992; and further, James Wade Owens was convicted of driving under the influence of alcohol in the Circuit Court of Morgan County, Alabama (CC-95-433), on September 8, 1995, in violation of Section 32-5A-191 of the Code of Alabama."
(R. 71.) The appellant contends that the indictment is fatally flawed because, he says, it should not have listed his prior DUI convictions, but instead, should simply have charged him with a felony for violating § 32-5A-191(h), Ala. Code 1975. See State v. Shaver, 816 So.2d 88
(Ala.Crim.App. 1999). Further, he argues that the indictment is defective because, he says, it fails to specifically allege a felony violation of § 32-5A-191(h), thereby failing to give subject-matter jurisdiction to the circuit court.
Review by this court is limited to matters properly raised before the trial court. Carter v. State, 627 So.2d 1027, 1028 (Ala.Crim.App. 1992). The record indicates that at trial the appellant alleged that the trial court lacked subject-matter jurisdiction because the indictment failed to allege that the crime occurred in Morgan County. (R. 105.) However, there is no indication in the record that the appellant objected to the indictment based on the grounds he now raises on appeal. "A defect in an indictment that renders it merely voidable is waived by the failure to raise [the] issue at the appropriate time." Brown v. State,481 So.2d 1173, 1176 (Ala.Crim.App. 1985). "[B]y entering a plea at arraignment, an accused waives any irregularities in the indictment unless the indictment is so defective that it leaves the accused unaware of the nature and cause of the charges against him." Lane v. State,644 So.2d 1318, 1320 (Ala.Crim.App. 1994). The indictment against the appellant was sufficient to put him on notice of the specific charge brought against him.
Furthermore, the listing of the appellant's prior DUI offenses on the indictment was harmless error. "The mere showing of error is not sufficient to warrant a reversal; it must appear that the appellant was prejudiced by that error." Dunlop Tire Corp. v. Allen, 725 So.2d 960, 967
(Ala. 1998); Rule 45, Ala.R.App.P. The record reveals that at no point during the course of the trial did the trial court read the indictment to the jury. Because the jury never heard the evidence of Owens's three prior DUI convictions, this case is factually distinguishable from Exparte Parker, 740 So.2d 432 (Ala. 1999), and Ex parte Formby, 750 So.2d 587
(Ala. 1999). Therefore, the appellant suffered no prejudice or injury to his substantial rights that would warrant reversal.
 II.
The appellant also contends that the trial court erred by allowing the State to present uncertified copies of his prior DUI convictions for sentence-enhancement purposes. This issue is raised for the first time on appeal; therefore, it has not been properly preserved for appellate review. Review by this Court is limited to matters properly raised in the trial court. Ford v. State, 645 So.2d 317, 318 (Ala.Crim.App. 1994) (quoting Carter v. State, 627 So.2d 1027, 1028 (Ala.Crim.App. 1992)). *Page 864 
 III.
The appellant further contends that there was insufficient evidence on which to convict him of driving while his license was revoked. The proper motion at trial to challenge the sufficiency of the evidence is a motion for a judgment of acquittal. Rule 20.2, Ala.R.Crim.P. The record indicates that the appellant moved for a judgment of acquittal on the ground that the State had failed to prove a prima facie case of driving under the influence, and because, he said, the indictment failed to allege that the crime had occurred in Morgan County and had thereby failed to create subject-matter jurisdiction. When a party makes a specific objection regarding the sufficiency of evidence, the party is bound by that objection and cannot raise new grounds on appeal. Williamsv. State, 736 So.2d 1134, 1140 (Ala.Crim.App. 1998). Therefore, the appellant is barred from raising the issue of insufficiency of evidence as it relates to the conviction for driving with a revoked license.
Furthermore, "`[i]n determining the sufficiency of evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution.'" Pierson v. State, 677 So.2d 830, 832 (Ala.Crim.App. 1996) (quoting Faircloth v. State, 471 So.2d 485, 489 (Ala.Crim.App. 1984)). Evidence presented at trial established that when the appellant was stopped, he was unable to produce a license and when he was asked to submit to an Intoxilyzer 5000 test, the appellant replied that he "was not going to blow into the instrument, that it didn't matter, he didn't have a driver's license anyway." (R. 59.) Moreover, our review of the record reveals that the appellant's driving record listed a number of traffic violations, including several for driving with a suspended license, indicating that the appellant did, at some point, possess a valid Alabama driver's license.[1] "The weight and probative value to be given to the evidence . . . and inferences to be drawn from the evidence are for the jury." Smith v. State, 698 So.2d 189, 214
(Ala.Crim.App. 1996). We will not invade the province of the jury and reweigh the evidence.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
McMillan, P.J., and Cobb, Baschab, and Shaw, JJ., concur.
[1] Compare Snavely v. City of Huntsville, 785 So.2d 1162
(Ala.Crim.App. 2000) (to sustain a conviction for driving with a revoked license, it must be established that, at the time of the traffic stop, the defendant possessed a valid driver's license).