COBB, Judge.
On March 6, 2001, Homer Ballard was convicted of one felony count of driving under the influence of alcohol (“DUI”), a violation of § 32-5A-191(a) and -191(h), Ala.Code 1975. On May 7, 2001, Ballard was sentenced to 10 years’ imprisonment, and was ordered to pay a fine of $4,100, $50 to the Alabama Crime Victims Fund, and court costs. This appeal followed.
On October 3, 2000, Ballard was arrested and charged with driving under the influence of alcohol. In November 2000, the Baldwin County grand jury indicted Ballard for: (1) felony DUI, in violation of § 32-5A-191(a) and -191(h), Ala.Code 1975, in that he was driving under the influence and had three or more prior DUI convictions; (2) DUI, in violation of § 32-5A-191(a), Ala.Code 1975; (3) reckless driving, in violation of § 32-5A-190, Ala. Code 1975; and (4) driving while his license was revoked or suspended, in violation of § 32-6-19. During a pretrial proceeding, Ballard contested the existence his prior DUI convictions. The trial court found that three or more prior DUI convictions existed, and that the pending DUI charge was therefore a felony.
The jury found Ballard guilty of count I of the indictment, and the trial court adjudged Ballard guilty of felony DUI. At the sentencing hearing, Ballard objected to the introduction of three of the four prior DUI convictions the State presented. Ballard contended that the three were not properly certified, because they were certified by the Department of Public Safety, instead of by the court clerk. The trial court overruled Ballard’s objection, and sentenced him, in accordance with § 32-5A-191(h), as having three or more prior DUI’s, to serve 10 years’ imprisonment and to pay the above-mentioned fines.
On appeal, Ballard argues that the trial court erred in admitting into evidence *620 copies of prior DUI convictions that were certified by the Department of Public Safety, and not the clerk of the court of original jurisdiction.[1] The State contends that proof of the prior convictions was properly submitted. The admission of copies of computer printouts has been held admissible to prove charges of driving with a suspended license. e.g., Farmer v. Town of Daphne, 782 So.2d 808 (Ala.Crim.App.2000). See also Snavely v. City of Huntsville, 785 So.2d 1162 (Ala.Crim.App.2000). However, the issue whether copies of court records, certified by the director of the Department of Public Safety, are admissible to prove prior DUI convictions has yet to be addressed by any published Alabama cases.
Under the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975, “[rjeeords showing prior convictions are properly admitted if they are certified by the clerk or deputy clerk of the court in which those convictions were obtained.” Ex parte Hagood, 777 So.2d 214, 216 (Ala.1999). However, as specifically stated in § 32-5A-191(h), DUI convictions do not fall under the auspices of the HFOA. See Adamson v. State, 779 So.2d 1286 (Ala.Crim.App.2000).
The State, in its brief, citing Snavely, argues that, “[a] certified copy of a public record is one that is signed and certified as a true copy by the officer having lawful custody of the original.” (State’s brief, p. 11.) In Snavely, the document presented to the court was a certified copy of that defendant’s driving history. This Court stated, “The most common method of proving a driving offense is through the admission of a certified copy of the defendant’s driving history as maintained by the State Department of Public Safety.” Snavely, 785 So.2d at 1168.
In an unpublished memorandum, Hicks v. State, (No. CR-00-1144) 837 So.2d 890 (Ala.Crim.App.2001) (table), this Court addressed this issue:
“Section 32-5A-195(h), Ala.Code 1975, provides, in pertinent part: ‘Every court having jurisdiction over offenses committed under this article or any other law of this state ... regulating the operation of motor vehicles on highways, shall forward to the Director of Public Safety within 10 days a record of the conviction of any person in said court for a violation of any said laws.’ The ticket and record of conviction in the hand of DPS is a public record. See § 32-6-14, Ala. Code 1975; Ex parte Wright, 586 So.2d 901, 903 (Ala.1991); cf. Snavely v. City of Huntsville, 785 So.2d 1162, 1168 (Ala.Crim.App.2000); Farmer v. Town of Daphne, 782 So.2d 808, 809 (Ala.Crim.App.2000). Rule 902(4) of the Alabama Rules of Evidence provides that ‘[ejxtrinsic evidence of authenticity ás a condition precedent to admissibility is not required with respect to ... (4) ... [a] copy of an official record ... or of a document authorized by law to be *621 recorded or filed and actually recorded or filed in a public office.’ ”
(Emphasis added in Hicks.)
The Alabama Supreme Court, in Ex parte Wright, 586 So.2d 901, 903 (Ala.1991), held that § 32-5A-195(h), Ala.Code 1975, provides that the Department of Public Safety is to maintain a record of convictions for moving violations or driving violations. The Court held that the Department of Public Safety could not maintain a record of a conviction for a pedestrian under the influence or a DUI charge. Id. Therefore, as a public record, copies of court records maintained in the Department of Public Safety’s files would be admissible in court to prove a prior DUI under § 32-5A-195, Ala.Code 1975.
Evidence of one prior DUI, CC-85-5118, was certified by the court clerk and admitted into evidence, without objection. The State provided copies of court records, certified by Roscoe Howell, Major, Driver’s License Division of the Alabama Department of Public Safety, to prove Ballard’s remaining DUI convictions. The documents provided by the Department of Public Safety, as public records, were properly admitted.
Additionally, this Court notes that § 32-5A-191(h), Ala.Code 1975, requires the Director of Public Safety to suspend or revoke Ballard’s driving privilege or driver’s license. The record does not indicate that the trial court seized Ballard’s driver’s license to forward to the Department of Public Safety to enforce this suspension. The trial court is directed to note for the record that Ballard’s driving privileges should be suspended by the Director of the Department of Public Safety as provided in § 32-5A-191(h), Ala.Code 1975. See Harris v. State, 826 So.2d 897 (Ala.Crim.App.2000). A return to remand shall be filed with this Court within 21 days of the date of this opinion.
AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS. 
McMILLAN, PH., and BASCHAB, SHAW, and WISE, JJ., concur.

. The documents from the Department of Public Safety which the State relied upon to prove Ballard's prior convictions contained the following certification: "I hereby certify that this is a true and correct copy of the records of the Drivers License Division of the Alabama Department of Public Safety, Roscoe Howell, Major, Drivers License Division.” On appeal, Ballard contends that these documents were improper because the certification did not indicate that Howell was authorized to certify the documents, or that he was the custodian of the originals. Ballard failed to raise this issue before the trial court, and, thus, did not preserve this issue for our review. See Owens v. State, 825 So.2d 861, 863 (Ala.Crim.App.2001). Therefore, we will examine the documents without considering the questions of whether Howell was authorized to certify the documents or whether Howell was the custodian of the originals.